UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DON DOWE

    Plaintiff

vs.

USIMO, WACHOVIA BANK,
JOSEPH ISSA, MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida Resident
ISSAC MARTINEZ, a Florida Resident
DAVID SMITH, a Foreign Resident
OVERSEAS LOCKET INTERNATIONAL
COOPERATION, a Foreign Corporation
MARKET TRADERS INSTITUTE INC.,
a Florida Corporation I-TRADE FX, LLC
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation MASTERCARD
WORLDWIDE, a New York Corporation
COOL CARD, a Jamaican Corporation
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, BUTTERFIELD BANK (CAYMAN) LIMITED,[1] a foreign corporation, ("Butterfield"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby gives notice of the removal to the United States District Court for the Southern District of Florida of an action which is pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 09-057623 CACE (08). Removal is appropriate because the civil action arises under the laws of the United States, specifically U.S.C. 15 §§ 77(e)(a) and

---

[1] The Complaint names "Butterfield Bank" as a Defendant, but no such corporate entity exists. Instead, the name "Butterfield Bank" is a name under which Butterfield Bank (Cayman) Limited does business.

77(e)(c) of the Securities Act of 1933. The facts and legal authority supporting this Notice of Removal are as follows.

## FACTUAL BACKGROUND

1. On July 29, 2010, Plaintiff Don Dowe ("Plaintiff") perfected service of process upon Butterfield in an action styled *Don Dowe v. USIMO, et. al*, Case No. 09-057623 CACE (08), in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

2. Butterfield has filed this Notice of Removal less than thirty (30) days from acceptance of service of process.[2]

3. A true and correct copy of all the summons and Complaint served upon Butterfield is attached hereto as Exhibit "A." A true and correct copy of all pleadings and process served as of this date and part of the underlying court file is attached hereto as Composite Exhibit "B."

4. On August 18, 2010, in a telephone conversation with the undersigned, Robert Vaughan, Esq., counsel for Defendants MZ Holdings, Ltd., Cool Card, USIMO and Joseph Issa, orally consented to removal on behalf of the Defendants he represents.[3]

5. A true and correct copy of the docket report of the Seventeenth Judicial Circuit in and for Broward County, Florida in the underlying action which shows that no additional return of service has been filed with the Court with respect to any other Defendant as of the

---

[2] Although Defendants MZ Holdings, Ltd., Cool Card, USIMO and Joseph Issa were served prior to Butterfield, in the Eleventh Circuit the "last-served defendant rule" applies in multi-party defendant litigation pursuant to which each named defendant is entitled to file a timely notice of removal within thirty (30) days of service by that individual defendant. *See Bailey v. Janssen Pharmaceutica, Inc*., 536 F. 3d 1202, 1209 (11th Cir. 2008) ("We hereby adopt the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)"). Accordingly, Butterfield is entitled to removal here as the last-served Defendant in the action.

[3] Mr. Vaughan has indicated that he will be filing a written consent to removal as soon as the clerk assigns a federal court case number to this action. *See* August 18, 2010 e-mail from Robert Vaughan to Cory Eichhorn, attached hereto as Exhibit "C."

filing of this Notice of Removal is attached hereto as Exhibit "D."

## THIS ACTION ARISES UNDER THE LAWS OF THE UNITED STATES

6.  This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331.  On its face, the Complaint alleges claims arising under the laws of the United States.  As such, the action is removable to federal court based on federal question jurisdiction.  *See, e.g., Schultz v. Coral Gables Federal Savings and Loan Ass'n*, 505 F. Supp. 1003, 1008 (S.D. Fla. 1982); *see also* 28 U.S.C. § 1441(b).  The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a district court has jurisdiction where a federal question is presented on the face of the complaint.  *See Panelas v. ARMS Tech.*, 71 F. Supp. 2d 1251, 1253 (S.D. Fla. 1999).

7.  Here, the Complaint purports to assert claims against Butterfield pursuant to U.S.C. 15 §§ 77(e)(a) and 77(e)(c) of the Securities Act of 1933.  The Complaint also asserts purported claims against co-Defendants under the laws of the United States.

8.  Accordingly, because the Complaint asserts a claim against Defendants arising under laws of the United States, this action is properly removable.

9.  By filing this Notice of Removal, Butterfield reserves the right to all defenses and waives no defenses.

WHEREFORE, Defendant BUTTERFIELD BANK (CAYMAN) LIMITED respectfully requests that this action be removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, because the claims arise under the laws of the United States.

Dated:  August 19, 2010.

        Respectfully submitted,

        GREENBERG TRAURIG, P.A.
        *Attorneys for Butterfield Bank*
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, Florida  33301
        Telephone:  (954) 765-0500
        Telefax:     (954) 765-1477


By:  *s/ Cory W. Eichhorn*
        JESUS E. CUZA
        Florida Bar No.: 428991
        CORY W. EICHHORN
        Florida Bar No. 0576761

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below, via transmission of Notices of Electronic Filings generated by CM/ECF and/or by facsimile and/or by U.S. Mail.

David P. Rowe, Esq.
Law offices of David P. Rowe
*Attorneys for Plaintiff Don Dowe*
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL 33301
Phone: (305) 731-0019
Fax: (954) 323-8628
Florida Bar No.: 373575

Robert C.L. Vaughan, Esq.
Ward Kim Vaughan & Lerner, LLP
*Attorneys for Defendants, Cool Card, Joseph Issa, MZ Holdings, Ltd. and USIMO*
One Financial Plaza, Suite 2001
Fort Lauderdale, FL 33394
Phone: (954) 527-1115
Fax: (954) 527-1116
Florida Bar No. 130095

*s/ Cory W. Eichhorn*