# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.

CIVIL DIVISION

CASE NO: 09-057623

DON DOWE

*Plaintiff*

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida Resident
ISSAC MARTINEZ, a Florida Resident
DAVID SMITH, a Foreign Resident
OVERSEAS LOCKET INTERNATIONAL COOPERATION,
a Foreign Corporation
MARKET TRADERS INSTITUTE INC., a Florida Corporation
I-TRADE FX, LLC
HALLMARK BANK AND TRUST LTD., a Foreign Corporation
MASTERCARD WORLDWIDE, a New York Corporation
COOL CARD, a Jamaican Corporation
TURKS AND CAICOS ISLANDS FSC,
BUTTERFILED BANK, a Cayman Islands Bank

*DEFENDANTS*
_____/

SUMMONS: PERSONAL SERVICE ON A CORPORATION.

TO: BUTTERFIELD BANK
GRAND CAYMAN, CAYMAN ISLANDS

IMPORTANT

*Rec'd July 27th 2010 @ 11:28 PM*

A LAWSUIT HAS BEEN FILED AGAINT YOU. You have 20 Calendar days after this summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Circuit Court, located at: Broward County Courthouse, Circuit Civil, 201 SE 6th Street, Fort Lauderdale, Florida 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the Parties, must be filed if you want the Court to hear your side of the case.

If you do not file your written response on time, you may lose the case, and your wages, money and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an Attorney, you may call an Attorney Referral Service or a Legal Aid Office ( listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written Response to the Party serving this Summons at: David P. Rowe Esq., The Corporate Center, 110 East Broward Boulevard, Suite 1700, Fort Lauderdale, Fl. 33301.

Copies of all Court Documents in this case, including Orders are available at the Clerk of the Circuit Court's office. You may review these documents upon request.

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a Copy of the Complaint in this Lawsuit on the above named person.

DATED  JUL 27 2010

HOWARD C. FORMAN

CLERK OF THE CIRCUIT COURT.

(Seal)

By: _____

Deputy Clerk.

AMERICANS WITH DISABILITIES OF ACT OF 1990
In accordance with the Americans With Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding shall within a reasonable period prior to any proceeding contact the Court. ADA Coordinator/Reuben Carrerou, no later than 7 days prior to the proceeding at (954) 831-6364.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 09057623

DON DOWE

    Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a FLORIDA RESIDENT
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a Foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a Foreign corporation
MARKET TRADERS INSTITUTE INC., a Florida corporation
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD. a Foreign corporation,
MASTERCARD WORLDWIDE, a New York Corporation
COOL CARD, a Jamaican Corporation
TURKS and Caicos Islands FSC
BUTTERFIELD BANK, a Cayman Islands Bank

    Defendants.

_____/

## VERIFIED COMPLAINT



Plaintiff DON DOWE, file his Complaint against Defendants USIMO, WACHOVIA BANK, JOSEPH ISSA, MZ HOLDINGS LIMITED, JARED MARTINEZ, ISAAC MARTINEZ, DAVID SMITH, OVERSEAS LOCKET INTERNATIONAL CORPORATION, MARKET TRADERS INSTITUTE INC., I-TRADE FX, LLC, HALLMARK BANK AND TRUST LTD., MASTERCARD WORLDWIDE, (collectively referred to as "Defendants") and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Don Dowe is a resident of Broward County, Florida.

2. Defendant USIMO is a company used by Joey Issa to engage in money laundering together with David Smith. USIMO was used to collect deposits from OLINT depositors and then was used to launder into Mr. Joseph Issa's personal accounts and/or into Mr. Joseph Issa's Cool Card Corporation.

3. Defendant WACHOVIA BANK is a banking corporation that was engaged in facilitating David Smith's Ponzi scheme by receiving and forwarding monies by wire.

6. Defendant Joseph Issa is a Hotelier from Jamaica who is known for his aggressive investment strategies in Jamaica. Joseph Issa associates himself with criminal thugs in Jamaica who he uses to intimidate and hurt numerous business competitors. Joseph Issa is a business co-conspirator with David Smith. Joseph Issa and David Smith actively conspired to steal OLINT's money from the general investment community in the United States and in Jamaica.

7. Defendant MZ HOLDINGS is a corporation that was used by Joseph Issa as a front to collect OLINT money.

8. Defendant. JARED MARTINEZ, is a United States citizen and upon information and belief, operates various business entities out of the state of Florida and owns property in Orange, Seminole and Flagler County, Florida.

9. Defendant ISAAC MARTINEZ is a United States Citizen and upon information and belief, operates various foreign exchange business entities out of the State of Florida and owns property in Seminole County, Florida.

10. Defendant DAVID SMITH, a Jamaican National is the principal of OLINT

and, based upon information and belief, has significant business contacts with the State of Florida including making and directing several wire transfers to and from the Turks and Caicos Islands (TCI) and the State of Florida. Joseph Issa is a close friend and collaborator with Smith.

11. Defendant, OLINT, is a foreign corporation organized under the laws of Jamaica, and operating out of the Turks & Caicos Islands. This phony corporation advertised and signed contracts to state that they engaged in foreign currency trading. Subsequent findings substantiated by the Supreme Court of the TCI ruling, confirm that OLINT is a Ponzi scheme. (Please see Exhibit 1).

12. Defendant MARKET TRADERS INSTITUTE INC., is a Florida corporation, which received wires from OLINT in U.S. dollars using the Federal wire transfer facility. This phony corporation promotes themselves as being a Forex education institution.

13. Defendant I-TRADE FX LLC is a Florida corporation which received wire transfers from DAVID SMITH and OLINT. This corporation engages in foreign exchange trading.

14. Defendant, HALLMARK BANK. AND TRUST LTD. is a foreign corporation, operating out of the Turks & Caicos Islands. This banking institution used the Federal wire transfer facility to transfer funds from OLINT to individuals and corporations without the consent of the Plaintiff.

15. Defendant, MASTERCARD WORLDWIDE, is a New York corporation, which maintains a wholly owned Florida Limited Liability Corporation and a Florida registered agent based in Broward County, Florida. This corporation has significant business contacts with the State of Florida. This Corporation using its Compass Debit Card payment system was a party to the fraud committed on investors.

16. This is an action seeking damages in excess of $15,000.

17. This court has jurisdiction over Defendants, I-TRADE FX LLC., MARKET TRADERS INSTITUTE INC., JARED MARTINEZ, ISAAC MARTINEZ, because they own business entities based in Orange County, Florida, as well as real property in Orange County, Florida. In addition, upon information and belief, they have committed a tort, in whole or in part, or have otherwise transacted business in the State of Florida.

18. This court has jurisdiction over Defendant JOSEPH ISSA and DAVID SMITH because, upon information and belief, the said Defendant was operating a business of foreign currency trading from Orlando, Florida and said Defendants has committed a tort, in whole or in part or has otherwise transacted business in the State of Florida as described in greater detail below.

19. This Court has jurisdiction over Defendants OLINT, HALLMARK BANK AND TRUST LTD., MASTER CARD WORLDWIDE as upon information and belief the said Defendants were transacting a significant volume of business with residents of Florida, sending mail to and receiving mailed applications from Florida. Debit card products were sent to residents of Florida. Further MASTER CARD WORLDWIDE maintained a location for service of process within Florida. The said Defendants have committed a tort in whole or in part or have otherwise transacted business in the State of Florida as described in greater detail below.

20. This Court has jurisdiction over MZ HOLDINGS, USIMO and JOSEPH ISSA as they all do business in the State of Florida. Joseph Issa owns the business of Cool Card Corporation.

21. This Court has jurisdiction over this action pursuant to Section 22 of the Securities and Exchange Act of 1933 (The Securities Act), Section 27 of the

4

Securities Act of 1934 (Exchange Act) and Section 214 of the Investment Advisors Act of 1940 (Advisors Act).

22. The Defendants directly or indirectly made use of mail advertisements and instrumentalities of interstate commerce in connection with acts, practices and a course of business as described in the complaint.

23. Venue is proper in this district as one or more of the individual defendant entities owns business entities whose principal place of business is Orange County and owns real property in Orange County, Florida.

24. All conditions precedent to the filing of this action have occurred, been performed, been waived or otherwise excused.

## GENERAL ALLEGATIONS

25. This matter involves a Ponzi scheme promoted to the Jamaican-American community living in the United States and the Jamaican Diaspora living in the Eastern Caribbean. This scheme was conceived by David Smith and Joseph Issa.

26. Defendant DAVID SMITH, a self proclaimed religious genius, operated a Ponzi scheme known as the OVERSEAS LOCKET CORPORATION (OLINT). He convinced over one thousand investors that he and agents of OLINT could produce a return of ten percent (10%) per month by participating in foreign currency exchange trading. His sales office was located at 1C Braemar Avenue Kingston 5, Jamaica. David Smith's financial operation was investigated by the Financial Services Commission of Jamaica and after being forced to cease and desist his operations in Jamaica by that governing body he moved his operation to the Turks and Caicos Islands (TCI).

27. Defendants SMITH, JOSEPH ISSA and OLINT targeted American investors directly or indirectly to invest in the OLINT hedge fund. Based on their aggressive

5

advertising of the high rate of returns, OLINT raked in over US 1 Billion dollars from investors who were based in the USA, TCI, Jamaica, St. Kitts, Panama, Grenada, the Cayman Islands and Dominica Republic. Smith achieved this by fraudulent advertising on the Internet. The Ponzi scheme was supported by many feeder clubs such as "LewFam" and "Regency". Defendant Smith used St. Kitts, a Caribbean Island, as an intermediary island to funnel illegal wire transfers from OLINT TCI to the Martinez'. He also received illegal wire transfers to OLINT St. Kitts through Wachovia Bank. He was able to evade the SEC and the Federal Reserve scrutiny in this manner.

Wachovia Bank was aware of the illegal activity and supported and condoned the money laundering.

28. David Smith as a result of the large number of investor complaints was arrested and charged with money laundering, fraud and theft by the Royal TCI Police Financial Crimes Unit.

29. Defendants Jared Martinez and Isaac Martinez are international con artists who have created an empire based on money laundering and foreign exchange (Forex) trading.

30. They claim to have the educational skills and background to educate individuals in foreign currency trading. Their corporation MARKET TRADERS INSTITUTE INC. (MTI) is used to provide educational materials and resources to clients.

31. The unsuspecting clients sign on with MTI and then are advised that they require the services of a brokerage company, I-TRADE FX LLC, another corporation owned by the Martinez family.

32. Defendants JARED MARTINEZ AND ISAAC MARTINEZ are really co-conspirators with David Smith. Their modus operandi is to go to specific third world countries to spread their propaganda and to bilk the investors of their money.

6

33. The goal of these con artists is to evade US law enforcement and regulatory guidelines. Currently, the JARED MARTINEZ and ISAAC MARTINEZ are infiltrating into countries such as Panama, using the new corporation name of EFOREX INC. **(Please see Exhibit 2)**

34. Defendants JARED MARTINEZ, ISAAC MARTINEZ had contracts in place to receive wire transfers from OLINT through a Florida based corporation known as JIJ Investments. In addition, MTI received a financial kickback from David Smith and OLINT for "teaching" FOREX courses.

35. The National Futures Association (NFA) a self-regulatory organization for the U.S. futures industry whose function is to enact rules, programs and services that safeguard market integrity and to protect investors, learned that David Smith transferred the amount of US$100 million dollars from OLINT using Hallmark Bank and Trust Ltd. to a Florida based corporation known as JIJ INVESTMENTS INC., a corporation under the control of ISAAC MARTINEZ.

This transfer of OLINT investors funds, including those of the Plaintiff was done without permission, as is clearly required per the legal contract between OLINT and its investors. **(Please see Exhibit 3)**.

In response to the above, the Federal Bureau of Investigation and the Internal Revenue Service have commenced an investigation into the OLINT Ponzi scheme and it co-conspirators. Federal investigators are examining the records of the Martinez' and have interviewed Chester Stewart of Regency. Federal investigations have also focused on the role of USIMO and Joseph Issa.

36. Upon information and belief, OLINT and SMITH sent multiple wire transfers to the United States through Defendant Wachovia Bank to Defendant ISSAC MARTINEZ and JIJ INVESTMENTS in order to evade the Jamaican and Turks & Caicos authorities

7

who were investigating OLINT and SMITH'S business practices. (**Please see Exhibit 10**). Smith had depositors give money to USIMO to hide his racketeering activity from U.S. and Jamaican regulators. Joseph Issa co-conspired with his subterfuge.

37. Upon information and belief, JARED MARTINEZ operated his own FOREX trading business out of Orange County, Florida by such names as MARKET TRADERS INSTITUTE and PROFESSIONAL FOREX ASSOCIATION, INC. Also upon information and belief, multiple wire transfers totaling roughly $100 million from OLINT and/or SMITH to MARTINEZ. (See *NFA Complaint*, **Exhibit #4, Paragraph 18**).

38. Upon information and belief, MARTINEZ used the funds transferred to him from OLINT and/or SMITH to invest through JIJ INVESTMENTS in several parcels of real property and business entities in and around Orange County, Florida. Defendants JARED MARTINEZ and ISAAC MARTINEZ used the funds to purchase exotic motor vehicles, name brand Breitling watches, expensive ornamental furniture and lavish 6-star cruise to Italy for his entire family in 2007.

39. Plaintiff never authorized the transfer of his funds from his OLINT account to any other person or business entity. The money wire transfer to JARED MARTINEZ and ISSAC MARTINEZ was done without knowledge or permission from Plaintiff.

40. All the Defendants have refused several repeated requests to return the Plaintiff's money. Instead Defendants live a lavish lifestyle. Defendant DAVID SMITH has refused to return any money to the Plaintiff. (**See Exhibit 1**, *Agreement for Sale involving Defendant DAVID SMITH*). Defendant JOSEPH ISSA does not return telephone calls.

Defendant JARED MARTINEZ has refused to return the money to the Plaintiff. (See Exhibit 4).

Defendant ISSAC MARTINEZ has refused to return the money to the Plaintiff. (See

8

Exhibit 5).

Defendant I-TRADE FX, LLC has refused to return the money to the Plaintiff. (See Exhibit 6).

41. Upon information and belief, OLINT's DAVID SMITH and TRACEY ANN SMITH, have fled Jamaica, avoided the Jamaican authorities and have absconded with the Plaintiff's funds and deposited and/or invested them into several entities, including those owned or controlled by Defendants JARED, AND ISAAC MARTINEZ, with the intent to hinder, delay, or defraud the Plaintiff in his efforts to recover his funds. USIMO's principals have refused any responsibility for their interest in the Olint matter, and have refused to repay the plaintiff his principal. USIMO banked with Butterfield Bank. Defendant Butterfield Bank was aware of the illegality of the USIMO deposits and laundered these deposits.

42. By this action, Plaintiff DOWE is seeking to recover the principal and profit of his account with USIMO and OLINT. According to the terms of the Agreement, OLINT was to use Plaintiff's funds for foreign currency exchange trading. However, due to Defendant JARED MARTINEZ's, DAVID SMITH's and JOSEPH ISSA's fraudulent misconduct, the Plaintiff has lost access to his funds and/or have completely lost his funds, and as a result the apparent conspiratorial misconduct of JARED MARTINEZ, ISSAC MARTINEZ and DAVID SMITH have suffered substantial damages.

43. The Plaintiff is also seeking damages for OLINT breach of the Agreement by failing to honor requests made by the Plaintiff for the withdrawal of his funds, depriving Plaintiff of his property for an indefinite period of time, which resulted in OLINT and its principals (including Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ and ISAAC MARTINEZ) being unjustly enriched.

44. The Plaintiff has had to hire the undersigned attorney, as well as counsel in

Jamaica and England in an attempt to recover their funds and have had to pay attorney's fees for same.

45. The Plaintiff has suffered losses of approximately $20 million United States dollars due to the misconduct of the Defendants.

## FIRST CLAIM
## VIOLATION OF SECTION 5(a) and 5(c) OF THE SECURITES ACT

46. Defendants :

    USIMO
    WACHOVIA BANK
    JOSEPH ISSA
    MZ HOLDINGS LTD.
    JARED MARTINEZ
    ISAAC MARTINEZ
    DAVID SMITH
    OLINT
    MARKET TRADERS INSTITUTE INC
    I-TRADE FX LLC
    HALLMARK BANK AND TRUST LTD.
    MASTERCARD WORLDWIDE
    TURKS AND CAICOS FSC
    BUTTERFIELD BANK

a) Making use of the means and instruments of transportation and communication in interstate commerce and of the mails to sell securities, through the use of written contracts, offering documents and otherwise; (b) carrying and causing to be carried through the mails and in interstate commerce by the means and instruments of transportation, such securities for the purpose of sale and for delivery after sale; and (c) making use of the means or instruments of transportation and communication in interstate commerce and of the mails to offer to sell such securities.

47. As described in paragraphs - Defendants DAVID SMITH and OLINT's securities were offered and sold to the public through a general solicitation of investors. No

registration statements were ever filed with the Commission or otherwise in effect with respect to these transactions.

48. By reason of the foregoing, Defendants violated and, unless enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act (15 U.S.C. 77 e(a) and e(c) ).

## SECOND CLAIM
### Violations of Section 17(a) of the Securities Act

49. Defendants, directly or indirectly, singly, in concert with HALLMARK BANK AND TRUST, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce and by use of the mails, have: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices or courses of business which operate or would operate as a fraud or deceit.

50. As part of and in furtherance of this scheme, Defendants, directly and indirectly, prepared, disseminated or used contract, written offering documents ,promotional materials, investor and other correspondence, and oral presentations, which contained untrue statements of material fact and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including , but not limited to, those statements and omissions set forth in previous paragraphs.

51. Defendants made the above-referenced misrepresentations and omissions knowingly or with sever recklessness with regard for the truth. Defendants were also

11

negligent in their actions regarding the representations and omissions alleged herein.

52. By reason of the foregoing, Defendants violated, and unless enjoined, will continue to violate Section 17(a) of the Securities Act (15 U.S.C. 7q(a) )

### THIRD CLAIM
### Violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder

53. Defendants, directly or indirectly, singly or in concert with others, in connection with the purchase and sale of securities, by use of the means and instrumentalities of interstate commerce and by use of the mails have: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading ; and (c) engaged in acts, practices and courses of business which operate as a fraud and deceit upon purchasers, prospective purchasers and other persons.

54. As a part of and in furtherance of their scheme, Defendants, directly and indirectly, prepared, disseminated or used contracts, written offering documents, promotional materials, investor and other correspondence, and oral presentations, which contained untrue statements of material facts and misrepresentations of material facts, and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading , including , but not limited to ,those set forth in Paragraphs -- above.

55. Defendants made the above-referenced misrepresentations and omissions knowingly or with severe recklessness regarding the truth.

56. By reason of the foregoing, Defendants violated and, unless enjoined, will

continue to violate the provisions of Section 10(b) of the Exchange Act (15 U.S.C. 78j(b) ) and Rule 10b-5 thereunder (17 C.F.R. 240.19b-5).

## FOURTH CLAIM
### Violation of Sections 206 (1) and 206(2) of the Investment Advisers Act

57. Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ and ISAAC MARTINEZ, as investment advisers, used the mails and means or instrumentalities of interstate commerce, directly and indirectly: 1) to employ devices, schemes or artifices to defraud clients or prospective clients; or 2) to engage in transactions, practices and courses of business which operated as a fraud or deceit upon clients and prospective clients.

58. By reason of the foregoing, Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ and ISAAC MARTINEZ, violated and, unless enjoined, will continue to violate the provisions of Sections 206(1) and 206(2) of the Investment Advisers Act (15 U.S.C. 80b-6 (1),(2) .

## FIFTH CLAIM
### Violation of Sections 206 (4) of the Investment Advisers Act and Rule 206(4)- 8 thereunder

59. Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ, ISAAC MARTINEZ, as investment advisers, 1) engaged in acts, practices, or courses of business which were fraudulent, deceptive or manipulative; and 2) as advisers to a pooled investment vehicle:

a) made untrue statements of a material fact or omitted to state a material facts necessary to make statements made, in light of the circumstances under which they

13

were made, not misleading to investors or prospective investors in the pooled investment vehicle; and/or b) otherwise engaged in acts, practices and courses of business that were fraudulent, deceptive, or manipulative with respect to investors or prospective investors of the pooled investment vehicle.

60. By reasons of the foregoing, Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ and ISAAC MARTINEZ violated and, unless enjoined, will continue to violate the provisions of Section 206(4) of the Investment Advisers Act ( 15 U.S.C. 80b-6(4) ) and Rule 206(4)-8 thereunder (17 C.F.R. 275.206(4)-8)

## SIXTH CLAIM
### Claims Against Relief Defendants as Custodian of Investor Funds

61. Relief Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ, ISAAC MARTINEZ, I-TRADE FX LLC, MARKET TRADERS INSTITUTE INC., HALLMARK BANK ,AND TRUST LTD. and MASTERCARD WORLDWIDE, received funds and property from one or more of the Defendants, which are the proceeds, or are traceable to the proceeds, of the unlawful activities of Defendants, as alleged in paragraphs 1 through 52 above.

62. Relief Defendants obtained the funds and property alleged above as part of and in furtherance of the securities violations alleged in paragraphs 1 through 53 and under circumstances in which it is not just, equitable or conscionable for them to retain the funds and property. Defendant Joseph Issa placed Plaintiff's money in Cool Card Corporation. He did this with pre-meditation and intent to steal. As a consequence, Relief Defendants were unjustly enriched.

## DAMAGES

63. Plaintiff's claim for damages on the basis of Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ, ISAAC MARTINEZ, OLINT, I TRADE FX LLC, MARKET TRADERS INSTITUTE INC., HALLMARK BANK AND TRUST LTD. and MASTERCARD WORLDWIDE violation of Section 5(a) and 5(c) of the Securities Act of 1933.

64. Defendants OLINT and DAVID SMITH with the help of JARED MARTINEZ, ISAAC MARTINEZ, HALLMARK BANK AND TRUST LTD., and MASTERCARD WORLDWIDE directly or indirectly have been offering to sell, selling and delivering after sale certain securities. Turks and Caicos FSC have illegally promoted the sale of these securities in the United States.

These actions have resulted in financial damages being incurred by the PLAINTIFF.

## RELIEF REQUESTED

65. An order of the Court permanently enjoining the Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ, ISAAC MARTINEZ, OLINT, I TRADE FX LLC, MARKET TRADERS INSTITUTE INC., HALLMARK BANK AND TRUST LTD., and MASTERCARD WORLDWIDE as appropriate, their agents, servants, employees, attorneys and all persona in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 5(a),5(c) and 17(a) of the Securities Act, (15 U.S.C. 7e (a), 77e(c) and 77q(a), Section 10(b) the Exchange Act, (15 U.S.C. 78j(b)), and of Rule 10b-5 (17 C.F.R. 240.10b-5) thereunder and Sections 206(1),(2) and (4) of the Advisers Act and Rule 206(4)-8 thereunder.

66. An order of the Court appointing a receiver to take control of all assets of the Defendants JOSEPH ISSA, DAVID SMITH, JARED MARTINEZ, ISAAC MARTINEZ,

15

OLINT, I TRADE FX LLC, MARKET TRADERS INSTITUTE INC., and the Relief Defendants, to marshal and preserve assets for the benefits of investors.

67. An order of the Court directing Defendants to disgorge an amount equal to the funds and benefits obtained illegally as a result of the violations alleged, plus prejudgment interest on that amount.

68. An order of the Court directing Defendants, as appropriate, to pay civil monetary penalties in an amount determined as appropriate by the Court pursuant to Section 20(d) of the Securities Act (15 U.S.C. t(d) ), Section 21(d) of the Exchange Act (15 U.S.C. 8u(d) ) and Section 209(e)(2) of the Investment Advisers Act (15 U.S.C. 80b-9) for their violations of the Federal securities laws as alleged herein.

69. An order of the Court directing Relief Defendants to disgorge an amount equal to the funds and benefits obtained, plus prejudgment interest, as a result of the Defendants' violations alleged herein.

70. All further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims triable.

Respectfully submitted,

*/s/ David P. Rowe*

David P. Rowe, Esq.
Florida Bar No.: 373575
Law offices of David P. Rowe
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL 33301
(305) 731-0019

---
Don Dowe