# Composite
# EXHIBIT "B"



IN THE CIRCUIT COURT OF THE 17TH JUDICAIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 09-083623
DIVISION: Civil

Don Dowe,

      Plaintiff,

vs.

USIMO,
Joseph Issa,
MZ Holdings Limited, and
Cool Card, a Jamaican Corporation,

      Defendants.

_____/

## NOTICE OF FILING
**PLAINTIFF DON DOWE'S REQUEST FOR ADMISSIONS ON DEFENDANT'S USIMO,
JOSEPH ISSA, MZ HOLDINGS LIMITED, AND COOL CARD**

      Please note that the attached Request for Admissions on Defendants USIMO,

Joseph Issa, MZ Holdings Limited, and Cool Card was filed with the Court on July 1,

2010.

                      Respectfully submitted,

                      David P. Rowe
                      Florida Bar Number: 373575
                      davidrowe28@gmail.com
                      Law Offices of David P. Rowe
                      110 East Broward Blvd, Suite 1700
                      Fort Lauderdale, Florida 33301
                      Telephone:    (304) 731-0019
                      Facsimile:     (305) 323-8628
                      **Counsel for Plaintiff Don Dowe**

## <u>CERTIFICATE OF SERVICE</u>

I here by certify that on July 1, 2010, I filed the foregoing document, a copy of which is being mailed this day to counsel of record, namely Robert C.L. Vaughan, P.A., One Financial Plaza, Suite 2600, Fort Lauderdale, Florida 33394.


_____
David P. Rowe

IN THE CIRCUIT COURT OF THE 17TH JUDICAIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 09-057623
DIVISION: Civil

Don Dowe,

      Plaintiff,

vs.

USIMO,
Joseph Issa
MZ Holdings Limited, and
Cool Card, a Jamaican Corporation

      Defendants.

_____/

**PLAINTIFF DON DOWE'S REQUEST FOR ADMISSIONS ON DEFENDANT'S USIMO,
JOSEPH ISSA, MZ HOLDINGS LIMITED, AND COOL CARD**

Plaintiff requests Defendants USIMO, Joseph Issa, MZ Holdings Limited, and

Cool Card admit the truth of the following matters:

    1. Joseph Issa is the beneficial owner of Cool Card.

    2. Joseph Issa is the beneficial owner of a chain of Gas Stations in Jamaica that

were formally owned and controlled by Shell Oil Corporation.

    3. Joseph Issa ran a fraudulent Ponzi scheme known as USIMO between 2007

and 2009.

    4. USIMO is being criminally investigated by the FBI for Ponzi scheme fraud.

    5. USIMO is being criminally investigated by the U. S. Commodity Futures

Trading Commission for Ponzi scheme fraud.

6. USIMO, with the full knowledge of Joseph Issa deliberately defrauded Mr. Dowe of more than $3 million.

The undersigned certifies that a copy hereof has been furnished to Robert C.L. Vaughan, P.A. at One Financial Plaza, Suite 2600, Ft. Lauderdale, Florida 33394 by mail on July 1, 2010.

Respectfully submitted,

David P. Rowe
Florida Bar Number: 373575
davidrowe28@gmail.com
Law Offices of David P. Rowe
110 East Broward Blvd, Suite 1700
Fort Lauderdale, Florida 33301
Telephone:    (304) 731-0019
Facsimile:    (305) 323-8628
**Counsel for Plaintiff Don Dowe**



IN THE CIRCUIT COURT OF THE 17TH JUDICAIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 09-057623
DIVISION: Civil

Don Dowe,

  Plaintiff,

vs.

USIMO,
Wachovia Bank,
Joseph Issa,
MZ Holdings Limited,
Jared Martinez, a Florida resident,
Isaac Martinez, a Florida resident,
David Smith, a foreign resident,
Overseas Locket International Corporation, a foreign corporation,
Market Trades Institute Inc., a Florida corporation,
I-Trade FX, LLC,
Hallmark Bank and Trust Ltd, a foreign corporation,
Mastercard Worldwide, a New York corporation,
Cool Card, a Jamaican Corporation,
Turks and Caicos Islands FSC,
Butterfield Bank, a Cayman Islands Bank,

  Defendants.

_____/

## NOTICE OF FILING
### PLAINTIFF DON DOWE'S REQUEST FOR ADMISSIONS

Please note that the attached Request for Admissions on Defendants was

filed with the Court on June 30, 2010.

Respectfully submitted,

David P. Rowe
Florida Bar Number: 373575
davidrowe28@gamil.com
Law Offices of David P. Rowe
110 East Broward Blvd, Suite 1700
Fort Lauderdale, Florida 33301
Telephone:      (304) 731-0019
Facsimile:      (305) 323-8628
**Counsel for Plaintiff Don Dowe**

## CERTIFICATE OF SERVICE

I here by certify that on June 30, 2010, I filed the foregoing document, a copy of which is being mailed this day to counsel of record, namely Wiand Guerra King at 3000 Bayport Drive, Suite 600, Tampa, FL 33607.

David P. Rowe

IN THE CIRCUIT COURT OF THE 17TH JUDICAIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 09-057623
DIVISION: Civil

Don Dowe,

       Plaintiff,

vs.

USIMO,
Wachovia Bank,
Joseph Issa,
MZ Holdings Limited,
Jared Martinez, a Florida resident,
Isaac Martinez, a Florida resident,
David Smith, a foreign resident,
Overseas Locket International Corporation, a foreign corporation,
Market Trades Institute Inc., a Florida corporation,
I-Trade FX, LLC,
Hallmark Bank and Trust Ltd, a foreign corporation,
Mastercard Worldwide, a New York corporation,
Cool Card, a Jamaican Corporation,
Turks and Caicos Islands FSC,
Butterfield Bank, a Cayman Islands Bank,

       Defendants.

_____/

## PLAINTIFF DON DOWE'S REQUEST FOR ADMISSIONS

Plaintiff requests Defendants to admit the truth of the following matters:

1. MASTERCARD BANK has a contract with HALLMARK BANK.

2. Senior MASTERCARD Board of Directors, who have corporate and directorial control are aware that HALLMARK BANK is partially owned by David Smith.

3. Senior MASTERCARD Board of Directors are aware that OLINT was a Ponzi scheme.

4. Senior MASTERCARD Board of Directors were aware that HALLMARK BANK had been implicated in money laundering in the past 20 years.

5. Don Dowe visited HALLMARK BANK and was positively misadvised by HALLMARK BANK, MASTERCARD's agent, about the genuineness of OLINT as a hedge fund.

6. MASTERCARD deliberately gave Don Dowe the impression that they were a guarantor of his investment into HALLMARK BANK and OLINT.

The undersigned certifies that a copy hereof has been furnished to Gianluca Morello by mail on June 30, 2010.

Respectfully submitted,

David P. Rowe
Florida Bar Number: 373575
davidrowe28@gamil.com
Law Offices of David P. Rowe
110 East Broward Blvd, Suite 1700
Fort Lauderdale, Florida 33301
Telephone:   (304) 731-0019
Facsimile:   (305) 323-8628
**Counsel for Plaintiff Don Dowe**

**<u>CERTIFICATE OF SERVICE</u>**

I here by certify that on June 30, 2010, I electronically filed the foregoing
document with the Clerk of the Court using CM/ECF. I also certify that the foregoing
document is being served this day on the following, constituting all counsel of
record, by the means indicated, namely Wiand Guerra King at 3000 Bayport Drive,
Suite 600, Tampa, FL 33607.

David P. Rowe



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623-CA 08

DON DOWE,

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a Florida Resident,
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Florida Resident
OVERSEES LOCKET INTERNATIONAL
CORPORATION, a Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
a Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation,
MASTERCARD WORLDWIDE, a New
York Corporation,
COOL CARD, a Jamaica Corporation,
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands
Bank

     Defendants.

_____/

## NOTICE OF APPEARANCE AND SUBSTITUTION OF COUNSEL

PLEASE TAKE NOTICE that Robert C.L. Vaughan, P.A. and the law firm WardKim

LLLP, hereby file this Notice of Appearance and Substitution of Counsel, releasing Squire

Sanders & Dempsey, LLP from the case and substituting WardKim LLLP and Robert C.L.

Vaughan, P.A. as counsel of record for the Defendant, USIMO.  All notices, orders, or other communications from the Court or any parties in the action may be served as follows:

> Robert C.L. Vaughan, P.A.
> WardKim LLLP
> One Financial Plaza, Suite 2600
> Fort Lauderdale, FL 33394
> (954) 527-1115 Tel.
> (954) 527-1116 Fax
> rvaughan@wardkim.com

The undersigned has been authorized by the client and Squire Sanders & Dempsey to file this notice of substitution of counsel.

Dated this 21st day of April, 2010.

Respectfully submitted,

WardKim LLLP
One Financial Plaza, Suite 2600
Fort Lauderdale, Florida  33394
(954) 527-1115  Telephone
(954) 527-1116  Facsimile
E-mail:  rvaughan@wardkim.com

By: _____
        Robert C. L. Vaughan, P.A.
        Florida Bar No. 0130095

*Attorney for Defendant USIMO*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 21st day of April, 2010, upon the following:

David P. Rowe, Esq.
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

By: _____
        Robert C. L. Vaughan, P.A.

2



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623-CA 08

DON DOWE,

     Plaintiff,

vs.



USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a Florida Resident,
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Florida Resident
OVERSEES LOCKET INTERNATIONAL
CORPORATION, a Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
a Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation,
MASTERCARD WORLDWIDE, a New
York Corporation,
COOL CARD, a Jamaica Corporation,
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands
Bank

     Defendants.

_____/

## NOTICE OF APPEARANCE AND SUBSTITUTION OF COUNSEL

     PLEASE TAKE NOTICE that Robert C.L. Vaughan, P.A. and the law firm WardKim

LLLP, hereby file this Notice of Appearance and Substitution of Counsel, releasing Squire

Sanders & Dempsey, LLP from the case and substituting WardKim LLLP and Robert C.L.

Vaughan, P.A. as counsel of record for the Defendants, Joseph Issa, Cool Card and MZ Holdings Limited.  All notices, orders, or other communications from the Court or any parties in the action may be served as follows:

> Robert C.L. Vaughan, P.A.
> WardKim LLLP
> One Financial Plaza, Suite 2600
> Fort Lauderdale, FL 33394
> (954) 527-1115 Tel.
> (954) 527-1116 Fax
> rvaughan@wardkim.com

The undersigned has been authorized by the clients and Squire Sanders & Dempsey to file this notice of substitution of counsel.

Dated this 21st day of April, 2010.          Respectfully submitted,

> WardKim LLLP
> One Financial Plaza, Suite 2600
> Fort Lauderdale, Florida  33394
> (954) 527-1115  Telephone
> (954) 527-1116  Facsimile
> E-mail:  rvaughan@wardkim.com
>
> By:_____
>        Robert C. L. Vaughan, P.A.
>        Florida Bar No. 0130095
>
> *Attorney for Defendants Joseph Issa, Cool Card*
> *and MZ Holdings Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 21st day of April, 2010, upon the following:

> David P. Rowe, Esq.
> 110 East Broward Boulevard
> Suite 1700
> Fort Lauderdale, Florida 33301
>
> By:_____
>        Robert C. L. Vaughan, P.A.

<center>2</center>

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

      Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

      Defendants.

_____/

## DEFENDANT'S AMENDED MOTION TO DISMISS[1]

    Defendant Turks and Caicos Financial Services Commission (the "TCFSC"), an agency

of the Government of the Turks and Caicos Islands, by and through its undersigned counsel,

hereby respectfully moves the Court for an order dismissing the Complaint pursuant to FLA. R.

CIV. P. 1.140(b)(2) & (6) on the grounds that Plaintiff has failed to state a cause of action and to

DCI 1046716v.2

CASE NO. 09-44901 CA 13

establish this Court's jurisdiction. As set forth more fully in the accompanying memorandum of law, both Florida and federal law dictate that the instant matter be dismissed.

The Complaint states fraud claims against several parties, but it nowhere alleges any facts to explain why the TCFSC is named among them. With respect to the other defendants, Plaintiff alleges that they executed a Ponzi scheme—tricking the plaintiff, and others, out of his money with an elaborate currency trading fraud. The TCFSC is mentioned just twice in the substance of the complaint. In neither instance does Plaintiff allege any action by the TCFSC that has anything to do with the alleged Ponzi scheme or Plaintiff's injuries.

Under Florida law, Plaintiff cannot state a claim against Defendant TCFSC with such barren allegations. The Florida Rules of Civil Procedure require Plaintiff to both plead the ultimate facts upon which his causes of action are based and plead some basis for personal and subject matter jurisdiction over each Defendant. Here, Plaintiff has pled no facts to support a claim against the TCFSC, much less the particularized facts required, as a matter of law, to support Plaintiff's fraud allegations. Even if Plaintiff did plead some facts to support his claims, however, the applicable law does not provide a private right of action to enforce at least four of Plaintiff's purported causes of action.

Furthermore, this Court lacks jurisdiction over Defendant TCFSC and the claims asserted against it. The Securities Exchange Act of 1934 gives federal courts exclusive jurisdiction over claims brought under the Act and, according to Florida courts, other claims which are predicated on a violation of the Act. Here, Plaintiff asserts a fraud claim under the 1934 Act and four other inseparable fraud claims. Additionally, Plaintiff has not alleged any factual basis for this Court's exercise of jurisdiction over Defendant TCFSC, a regulatory agency of a foreign government.

As explained further in the accompanying memorandum of law, the Complaint should be

---

[1] Defendant files this Amended Motion to Dismiss to incorporate the attached affidavit.

DC1 1646716v.2

CASE NO. 09-44901 CA 13

dismissed with prejudice in its entirety with respect to the TCFSC.

Respectfully submitted,

Joseph B. Tompkins, Jr.
*Admitted Pro Hac Vice*
Guy S. Neal
*Admitted Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and   RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant*

By:   *Alan Green*
Alan G. Greer
Florida Bar No.: 0123294
Yolyvee Y. Rivera
Florida Bar No.: 0074188

-3-

DC1 1646716v.2

CASE NO. 09-44901 CA 13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was served via U.S. mail and facsimile on this 24ᵗʰ day of March 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

By: _____

Alan G. Greer

Yolyvee Y. Rivera

DC1 1646716v.2



IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623 -08

DON DOWE,
a Florida resident

      Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

      Defendants.

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO DISMISS

    Plaintiff Don Dowe has brought this action against, among others, the Turks and Caicos

Islands Financial Services Commission (the "TCFSC"), an agency of the Government of the

Turks and Caicos Islands.  Plaintiff alleges violations of the Securities Act of 1933 (the

"Securities Act"), the Securities Exchange Act of 1934 (the "Exchange Act"), and the Investment

DC1 1646716v.2

Advisers Act of 1940 (the "Advisers Act"), as well as a claim for unjust enrichment. The TCFSC, however, is only named in the caption of the First Claim, along with other defendants, and there are no specific allegations against the TCFSC in any of the Claims. Accordingly, Defendant TCFSC respectfully submits that the Complaint should be dismissed for failure to state a cause of action and for lack of personal and subject matter jurisdiction. FLA. R. CIV. P. 1.140(b) (2) & (6).

**Facts**

Plaintiff is a resident of Broward County, Florida. *See* Complaint ("Compl.") at ¶ 1. He alleges nothing about the identity of Defendant TCFSC—or what role the TCFSC allegedly played in the underlying facts of this case. Defendant TCFSC is an "independent statutory body tasked with the supervision of the financial services sector" and is "responsible to the Government of the Turks and Caicos Islands[.]" *See* Turks & Caicos Islands Financial Services Commission: The Commission, http://www.tcifsc.tc/The%20Commission1.html; *see also* Affidavit of Sanford Lightbourne ("Lightbourne Aff.") at ¶¶ 2-3 attached hereto as Exhibit 1. With respect to the other defendants, Plaintiff alleges that Defendant David Smith was the head of the Overseas Locket International Corporation (OLINT), which was initially located in Jamaica and then moved to the Turks and Caicos Islands. Smith allegedly convinced people, including Plaintiff, to invest in foreign currency exchange trading through OLINT. Compl. at ¶ 26. Ultimately, however, Plaintiff says that this was a Ponzi scheme, resulting in Smith's arrest by the Royal TCI Police Financial Crimes Unit. Compl. at ¶¶ 25, 28.

Plaintiff alleges that Smith conspired with Defendants Jared Martinez and Isaac Martinez, who purported to provide educational materials on foreign currency trading. Compl. at ¶¶ 29-30, 32. For reasons Plaintiff does not articulate, Smith allegedly funneled money to his co-

conspirators through a Florida corporation, JIJ Investments, and Wachovia Bank.  Compl. at ¶¶ 27, 34.

Over the course of this alleged conspiracy, Smith allegedly wired Plaintiff's money to Jared and Isaac Martinez.  This was allegedly done without his knowledge or permission. Compl. at ¶ 39.   Plaintiff alleges that the defendants have refused to return his money and have instead absconded with it with intent to "hinder, delay, or defraud the Plaintiff in his efforts to recover his funds." Compl. at ¶ 41.

Again, the Complaint offers *no* indication as to how the TCFSC participated in this scheme.

## Standard of Review

FLA. R. CIV. P. 1.140(b) provides that the defenses of failure to state a claim, lack of jurisdiction over the subject matter, and lack of jurisdiction over the person can be made by motion at the option of the pleader.  *See* FLA. R. CIV. P. 1.140(b) (1), (2), & (3).  The motion must, "specifically and with particularity," contain the "grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued." FLA. R. CIV. P. 1.140 (b).  In evaluating a motion to dismiss, the court "must look only within the four corners of the complaint, accept the plaintiff's allegations as true, and resolve all inferences in the plaintiff's favor." *Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County*, 779 So. 2d 380, 384 (Fla. 2d DCA 2000).

## Argument

This Court should dismiss the Complaint against Defendant TCFSC.  First, having only mentioned Defendant TCFSC twice, in passing, Plaintiff has failed to state a cause of action against the TCFSC.  The Complaint is so barren of facts relating to Defendant TCFSC that one

CASE NO. 09-44901 CA 13

cannot even say with any certainty which claims are lodged against the TCFSC. And the law does not provide private rights of action for four of Plaintiff's purported claims. Second, Plaintiff has clearly failed to establish this court's jurisdiction—both personal and subject matter. *See* FLA. R. CIV. P. 1.110(b) (1) &(2). The Exchange Act gives federal courts exclusive jurisdiction over claims brought under the Act and, according to Florida courts, other claims which are predicated on a violation of the Act. Here, Plaintiff asserts a fraud claim under the 1934 Act and four other inseparable fraud claims. Furthermore, Plaintiff has not alleged any factual basis for this Court's exercise of jurisdiction over Defendant TCFSC, a regulatory agency of a foreign government.

I. **Plaintiff has failed to state a cause of action against the TCFSC**

A. **Plaintiff has failed to plead adequate facts to support any of his claims.**

A complaint should be dismissed for failure to state a cause of action when the Plaintiff fails to plead the "ultimate facts showing that the pleader is entitled to relief." FLA. R. CIV. P. 1.110(b) (2); *see also MEBA Medical & Benefits Plan v. Lago*, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004). Plaintiff Dowe has pled no such facts here with respect to the TCFSC.

In particular, Plaintiff has not pled the specific facts necessary to support his four claims of fraud. *See* Compl. at ¶¶ 49-60 (articulating claims 2 through 5). The Florida Rules of Civil Procedure specifically require heightened pleading specificity for fraud claims. FLA. R. CIV. P. 1.120 (b). Here, Plaintiff has not just failed to plead the required specific facts to support his fraud claim. He has pled *no* facts to support his claims against Defendant TCFSC. Outside of its caption, the Complaint mentions the TCFSC just twice. In the section of the Complaint dedicated to describing Plaintiff's causes of action, he merely lists the TCFSC as a defendant without further explanation. Compl. at ¶ 46. Then, in the "Damages" section of the Complaint,

-4-

Plaintiff offers a single-sentence legal conclusion: "Turks and Caicos FSC have illegally promoted the sale of these securities in the United States." Compl. at ¶ 62. This conclusory statement is clearly not legally sufficient to state a claim against the TCFSC. *See Dockery v. Florida Democratic Party*, 719 So.2d 9, 10 (Fla. 2d DCA 1998).

As for the remaining claims, Plaintiff has failed to meet the basic pleading requirements even for stating a non-fraud cause of action. It is true that, for such claims, a complaint need not present a detailed factual narrative "designed to plead a litigant to victory." *Ranger Constr. Indus., Inc., v. Martin Co. of Dayton, Inc.*, 881 So.2d 677, 681 (Fla. 5th DCA 2004). Yet Plaintiff must still give the defendant notice of the "essential facts upon which the claim for relief rests[.]" *Id.* For these causes of action, as with all of the others, the Complaint offers no indication as to what role Defendant TCFSC allegedly played in the underlying facts. The Complaint is so devoid of facts relating to Defendant TCFSC that one cannot even say with any certainty which claims are lodged against the TCFSC. Under these circumstances, the Complaint plainly must be dismissed with respect to the TCFSC.

### B.   Private rights of action do not exist for four of Plaintiff's claims.

Even if Plaintiff had attempted to plead some facts to support his six purported causes of action, he simply cannot, as a matter of law, state a claim for four of them. Private rights of action do not exist behind the first, second, fourth, or fifth claims in the Complaint. For the first claim, Plaintiff asserts a cause of action under Sections 5(a) and 5(c) of the Securities Act of 1933 for Defendants' alleged failure to file a registration statement prior to the sale of securities. Compl. at ¶¶ 46-48. Yet no such private right of action exists unless Defendant TCFSC sells securities—an allegation Plaintiff has not made, and cannot make, with respect to the TCFSC. *See Foresburg v. Always Consulting*, No. 06-CV-13488, 2008 WL 5449003, *2 (S.D.N.Y. Dec.

31, 2008) (holding no private right of action under 5(a) or 5(c) exists unless the claim could be considered one under Section 12 of the Securities Act, which can only be asserted against one who "offers or sells a security," 15 U.S.C. § 77l).   Regarding the second claim, a securities fraud claim under Section 17(a) of the Securities Act of 1933, "Courts of Appeal . . . have uniformly concluded that there is no private right of action [under § 17(a) of the 1933 Act]." *Finkel v. Stratton Corp.*, 962 F.2d 169, 175 (2d Cir. 1992).  And with respect to the fourth and fifth claims under Section 206 of the Investment Advisers Act, the U.S. Supreme Court has specifically held that a private cause of action does not exist.  *Transamerica Mortg. Advisors, Inc.*, 444 U.S. 11, 19-24 (1979).  More specifically, the SEC has announced that Rule 206(4)-8, promulgated under the Advisers Act and the basis for Plaintiff's fifth claim, "does not create a private cause of action."  *Prohibition on Fraud by Advisers to Certain Pooled Investment Vehicles*, Advisers Act Release No. 2628 (SEC Aug. 3, 2008), at 14.  Without a private right of action, Plaintiff cannot state a claim for these four allegations.

## II.   Plaintiff has failed to establish this Court's jurisdiction.

The Complaint should also be dismissed because this Court lacks jurisdiction.  Not only does the Securities Exchange Act of 1934 preclude any state court claims of the type alleged by Plaintiff, but Plaintiff has also failed to allege a basis for jurisdiction over the TCSFC in his Compliant.

### A.   Federal courts have exclusive jurisdiction over almost all of Plaintiff's claims.

Federal courts have exclusive jurisdiction over claims arising under the Exchange Act of 1934.   15 U.S.C. 78aa. As Florida courts have held, federal courts also have exclusive jurisdiction over all causes of action "predicated on violations . . . [of] the Securities Exchange Act of 1934." *Shearson Haydon Stone, Inc. v. Sather*, 365 So.2d 187, 188 (Fla. 3d DCA 1979);

CASE NO. 09-44901 CA 13

*see also Cmty Nat'l Bank & Trust Co. v. Vigman*, 330 So.2d 211, 215-216 (Fla. 3d DCA 1976). In other words, state courts cannot hear claims that stem from the "same factual situation" as would support a claim under the Exchange Act—even if the Complaint does not expressly state a claim under that Act. *See Shearson*, 365 So.2d at 145 (dismissing, for lack of jurisdiction, an amended complaint alleging the "same factual situation" as in the original Exchange Act complaint while noting that "the failure of the complaint to refer [to the Exchange Act]" did not matter.)

As a result, this Court lacks jurisdiction over at least five of Plaintiff's six claims. Claim three is a naked claim under Section 10(b) of the Exchange Act of 1934—asserting that the defendants engaged in deceitful conduct in connection with the sale of securities. Compl. at ¶¶ 53-56. And claims two, four, five, and six are all inseparable from that claim. Each alleges "fraud" in connection with defendants' alleged currency trading Ponzi scheme. *See* Compl. at ¶ 49 ("engaged in transactions . . . which would operate as a fraud or deceit"), ¶ 57 ("to engage in transactions . . . which operated as a fraud"), ¶ 59 ("engaged in acts . . . which were fraudulent"), ¶ 61 (asserting it would not be "just, equitable or conscionable for [defendants] to retain the funds and property" in light of the allegations of fraud in ¶¶ 1-53). Federal courts have exclusive jurisdiction over this 10(b) fraud claim and all of the other related claims in the Complaint. *See Kahler v. E. F. Hutton & Co., Inc.*, 558 So.2d 144, 145 (Fla. 3d DCA 1990).

**B.     Plaintiff has failed to allege jurisdiction over Defendant TCFSC and could not do so.**

Apart from the fact that the Exchange Act deprives this Court of jurisdiction over Plaintiff's Claims, Plaintiff has simply failed his obligation under Rule 1.110(b) (1) of the Florida Rules of Civil Procedure, to establish this Court's jurisdiction over the person and subject

DC1 1646716v.2

matter of this case.  That rule provides that Plaintiff must offer "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" *Id.*

While Plaintiff has alleged grounds for personal jurisdiction over the other defendants, the Complaint fails to allege *any* basis for personal jurisdiction over the TCFSC  *See* Compl. at ¶¶ 1-24.  In other words, Plaintiff has not even begun to explain either how this foreign governmental agency falls within Florida's long arm statute or how it has the necessary "minimum contacts" with this forum to satisfy the requirements of due process.  *See Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989).

Moreover, it is clear that Plaintiff could not establish personal jurisdiction even if he tried.  To establish personal jurisdiction, Plaintiff would ultimately need to satisfy the requirement of the federal due process clause.  The due process clause only permits a court to assert personal jurisdiction over a defendant with "minimum contacts" in the forum state.  4 Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure, § 1067.1 (3d ed. 2002). In other words, the Court must find that Defendant TCFSC should "reasonably anticipate[] being haled into court" in Florida.  *Camp Illahee Investors, Inc., v. Blackman*, 870 So.2d 80, 85 (Fla. 2d DCA 2003).  Here, Defendant TCFSC is a statutorily created agency of a foreign government. *See* Exhibit 1 at ¶ 2; *see also* Turks and Caicos Islands Financial Services Commission, Annual Report 2009, 1 (2009) http://www.tcifsc.tc/FSC%20Annual%20Report/FSC%20Annual%20 Report%202008% 20-%202009.pdf.  It has three primary responsibilities: "Administering the Financial Service Ordinance; Supervising the conduct of financial services businesses[;] and Monitoring the financial services business carried on, and their development in[,] the Turks and Caicos Islands[.]" *See* Turks and Caicos Islands Financial Services Commission, *supra*.  It does not, in any sense, "maintain an office, mailing address, or telephone listing in Florida and did not solicit business from any Florida resident," and could not reasonably expect to be haled into court

CASE NO. 09-44901 CA 13

in this state. *Rafal v. Mesick*, 661 So.2d 79, 81 (Fla. 2d DCA 1995); *See also* Exhibit 1 at ¶¶ 2-14.

Nor can Plaintiff established subject matter jurisdiction over the claims against the TCFSC. Under the U.S. Foreign Sovereign Immunities Act, foreign governments are entitled to immunity from subject matter jurisdiction in American courts unless a plaintiff establishes an exception under the Act. 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3662 (3d ed. 1998) (providing, at 169, that the FSIA is the "sole basis" for obtaining subject matter jurisdiction over a foreign state and, at 171, a plaintiff must allege that jurisdiction exists on the basis of one of the Act's specified exceptions). This includes the instrumentalities of foreign states—organs of the state which are not "citizens" of the United States or created under the laws of a third country. 28 U.S.C. § 1603(a) & (b). The TCFSC is just such an instrumentality. It is a statutorily created regulatory agency of the Turks and Caicos Islands. *See* Exhibit 1 at ¶ 2. Plaintiff has failed to establish any exception to the Foreign Sovereign Immunities Act which would permit subject matter jurisdiction, and, on this ground alone, the Complaint must be dismissed with respect to the TCFSC.

## Conclusion

For the foregoing reasons, Defendant TCFSC's Motion to Dismiss for failure to state a cause of action and for lack of personal and subject matter jurisdiction should be granted and the Complaint dismissed against Defendant TCFSC in its entirety.

WHEREFORE, Defendant TCFSC, respectfully requests that this Court enter an Order dismissing the Complaint with prejudice for lack of jurisdiction and failure to state a cause of action, and granting such further relief as this Court deems just and proper.

DC1 1646716v.2

CASE NO. 09-44901 CA 13

Respectfully submitted,

Joseph B. Tompkins, Jr.
*Admitted Pro Hac Vice*
Guy S. Neal
*Admitted Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and   RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant*

By:   Alan G. Greer
Alan G. Greer
Florida Bar No.: 0123294
Yolyvee Y. Rivera
Florida Bar No.: 0074188

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was served via U.S. mail and facsimile on this 24th day of March 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

By:   Alan G. Greer
Alan G. Greer
Yolyvee Y. Rivera

-10-

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA.

CASE NO.  09-057623

DON DOWE,
a Florida resident

       Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

_____

## AFFIDAVIT OF SANFORD LIGHTBOURNE

      BEFORE ME this day personally appeared Sanford Lightbourne, who, being duly sworn,

deposes and says:

      1.     I, Sanford Lightbourne, Chairman of the Turks and Caicos Islands Financial

Services Commission ("TCFSC"), a named Defendant herein, make this Affidavit upon personal

knowledge, and without consenting or submitting the TCFSC to the jurisdiction of the Court.

      2.     The TCFSC is a statutory body, responsible to the Government of the Turks and

Caicos Islands, established by the Financial Services Commission Ordinance of May 2001 and now



governed by the revised Ordinance of October 2007, which has its primary office located at the Harry E. Francis Building, P.O. Box 173, Pond Street, Grand Turk, Turks and Caicos Islands, British West Indies. The Turks and Caicos Islands are a British overseas territory.

3.    The TCFSC is responsible for the licensing, supervision, and development of the financial services industry in the Turks and Caicos Islands. It has three primiary responsibilities: Administering the Financial Services Ordinance; supervising the conduct of financial services and businesses; and monitoring the financial services businesses carried on, and their development in, the Turks and Caicos Islands. The TCFSC has never been registered to do any kind of business in Florida or the United States, and has never in fact done business in the state of Florida or the United States.

4.    At all times material to the above-styled lawsuit, the TCFSC does and has not:

a.    operated, conducted, engaged in or carried on a business or business venture in the state of Florida or the United States;

b.    maintained an office or agency in the state of Florida or the United States;

c.    committed a tortious act in the state of Florida or the United States;

d.    owned, used, possessed or held a mortgage or other lien on any real property within the state of Florida or the United States;

e.    contracted to insure any person, property or risk located within the state of Florida or the United States at the time of contracting;

f.    caused injury to any person or property in Florida or the United States arising out of any act or omission by the TCFSC outside Florida or the United States;

g.    breached any contract in Florida or the United States by failing to perform

acts required by the contract to be performed in Florida or the United States;

  h.  engaged in solicitation or service activities within Florida or the United States;

  i.  produced or serviced any products or material used or consumed in the ordinary course of commerce, trade, or use.

  j.  engaged in substantial and not isolated activity within Florida or the United States.

  5.  At all times material hereto, the TCFSC has not entered into any contracts with Plaintiff in the above-styled action which require the performance of any act in the state of Florida or the United States.

  6.  At all times material hereto, the TCSFC has not advertised or otherwise directed any communications of any kind to Florida or the United States for the purpose of soliciting business.

  7.  The TCFSC's only contacts with the state of Florida or the United States include registration, licensing, and regulation of foreign companies with a presence in the TCI.

  8.  The TCFSC has never made any telephone calls or sent any correspondence to Plaintiff or any of its agents, in Florida or the United States.

  9.  The TCFSC has never made any statements or representations to Plaintiff in Florida or the United States.

  10.  No agent or representative of the TCSFC has ever communicated to Plaintiff or any of his agents while in Florida, and has never directed any communications to Plaintiff or any of his agents while they were in Florida or the United States.

  11.  The TCFSC is not a party to any agreement with Plaintiff.  Notwithstanding that fact, were it determined that the TCFSC breached a contract with Plaintiff, that breach could not

have occurred in Florida or the United States.

      12.     No agent or representative of the TCFSC has performed any actions that would lead the TCFSC to believe that it could be hauled into a Florida court.

      13.     The TCFSC has not purposefully availed itself of the laws of Florida or the United States.

      14.     All TCFSC employees and agents reside outside Florida and the United States.

FURTHER AFFIANT SAYETH NAUGHT.

_____ (printed name)

_____ (title)

_____ Corporation.

The foregoing instrument was acknowledged before me this _22_ day of _February_, 20_10_, by _Sanford Lightbourne_, who is personally known to me ~~or who has produced~~ as ~~identification~~ _____ and who (did)(~~did not~~) take an oath.

_____

Sworn to and subscribed before me
this _22_ day of February, 2010.

_____
Notary Public

_Gordon Kerr._
Printed Name of Notary
My commission expires: _Indefinite_

GORDON WILLIAM KERR
NOTARY PUBLIC
TURKS & CAICOS ISLANDS

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623 (08)

DON DOWE,
a Florida resident

       Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

       Defendants.

_____/

## NOTICE OF FILING AFFIDAVIT OF SANFORD LIGHTBOURNE

The Defendant, Turks and Caicos Islands FSC, by and through its undersigned counsel,

hereby gives notice of filing the Affidavit of Sanford Lightbourne, in support of Defendant's

Amended Motion to Dismiss, filed on March _24th_, 2010.

1

Joseph B. Tompkins, Jr.
*Pro Hac Vice Pending*
Guy S. Neal
*Pro Hac Vice Pending*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711


and   RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant*

By:        _____
Alan G. Greer
Florida Bar No.: 0123294
Yolyvee Y. Rivera
Florida Bar No.: 0074188


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was served

via U.S. mail and facsimile on this ___24ᵗʰ___ day of March 2010 upon David P. Rowe, Esq., Law

Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

By:        _____
Alan G. Greer
Yolyvee Y. Rivera

2

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA.

CASE NO.  09-057623

DON DOWE,
a Florida resident

       Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

_____

## AFFIDAVIT OF SANFORD LIGHTBOURNE

      BEFORE ME this day personally appeared Sanford Lightbourne, who, being duly sworn, deposes and says:

      1.    I, Sanford Lightbourne, Chairman of the Turks and Caicos Islands Financial Services Commission ("TCFSC"), a named Defendant herein, make this Affidavit upon personal knowledge, and without consenting or submitting the TCFSC to the jurisdiction of the Court.

      2.    The TCFSC is a statutory body, responsible to the Government of the Turks and Caicos Islands, established by the Financial Services Commission Ordinance of May 2001 and now

governed by the revised Ordinance of October 2007, which has its primary office located at the Harry E. Francis Building, P.O. Box 173, Pond Street, Grand Turk, Turks and Caicos Islands, British West Indies.  The Turks and Caicos Islands are a British overseas territory.

3.    The TCFSC is responsible for the licensing, supervision, and development of the financial services industry in the Turks and Caicos Islands.  It has three primiary responsibilities: Administering the Financial Services Ordinance; supervising the conduct of financial services and businesses; and monitoring the financial services businesses carried on, and their development in, the Turks and Caicos Islands.  The TCFSC has never been registered to do any kind of business in Florida or the United States, and has never in fact done business in the state of Florida or the United States.

4.    At all times material to the above-styled lawsuit, the TCFSC does and has not:

a.    operated, conducted, engaged in or carried on a business or business venture in the state of Florida or the United States;

b.    maintained an office or agency in the state of Florida or the United States;

c.    committed a tortious act in the state of Florida or the United States;

d.    owned, used, possessed or held a mortgage or other lien on any real property within the state of Florida or the United States;

e.    contracted to insure any person, property or risk located within the state of Florida or the United States at the time of contracting;

f.    caused injury to any person or property in Florida or the United States arising out of any act or omission by the TCFSC outside Florida or the United States;

g.    breached any contract in Florida or the United States by failing to perform

acts required by the contract to be performed in Florida or the United States;

     h.     engaged in solicitation or service activities within Florida or the United States;

     i.     produced or serviced any products or material used or consumed in the ordinary course of commerce, trade, or use.

     j.     engaged in substantial and not isolated activity within Florida or the United States.

     5.     At all times material hereto, the TCFSC has not entered into any contracts with Plaintiff in the above-styled action which require the performance of any act in the state of Florida or the United States.

     6.     At all times material hereto, the TCSFC has not advertised or otherwise directed any communications of any kind to Florida or the United States for the purpose of soliciting business.

     7.     The TCFSC's only contacts with the state of Florida or the United States include registration, licensing, and regulation of foreign companies with a presence in the TCI.

     8.     The TCFSC has never made any telephone calls or sent any correspondence to Plaintiff or any of its agents, in Florida or the United States.

     9.     The TCFSC has never made any statements or representations to Plaintiff in Florida or the United States.

     10.     No agent or representative of the TCSFC has ever communicated to Plaintiff or any of his agents while in Florida, and has never directed any communications to Plaintiff or any of his agents while they were in Florida or the United States.

     11.     The TCFSC is not a party to any agreement with Plaintiff. Notwithstanding that fact, were it determined that the TCFSC breached a contract with Plaintiff, that breach could not

have occurred in Florida or the United States.

12.     No agent or representative of the TCFSC has performed any actions that would lead the TCFSC to believe that it could be hauled into a Florida court.

13.     The TCFSC has not purposefully availed itself of the laws of Florida or the United States.

14.     All TCFSC employees and agents reside outside Florida and the United States.

FURTHER AFFIANT SAYETH NAUGHT.

_____ (printed name)
_____ (title)
_____ Corporation.

The foregoing instrument was acknowledged before me this _22_ day of _February_, 20_10_, by _Sanford Light-borne_, who is personally known to me ~~or who has produced as identification~~ _____ and who (did)(~~did not~~) take an oath.

_____

Sworn to and subscribed before me
this _22_ day of February, 2010.

_____
Notary Public

_Gordon Kerr_
Printed Name of Notary
My commission expires: _Indefinite_

GORDON WILLIAM KERR
NOTARY PUBLIC
TURKS & CAICOS ISLANDS

IN THE CIRCUIT COURT OF THE
SEVENTENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY FLORIDA

09 - 57623(08)

**DON DOWE**

    *Plaintiff*

**v.**

**USIMO**
**WACHOVIA BANK**
**JOSEPH ISSA**
**MZ HOLDINGS LIMITED**
**JARED MARTINEZ,** a Florida Resident
**ISAAC MARTINEZ,** a Florida Resident
**DAVID SMITH,** a Florida Resident
**OVERSEAS LOCKET INTERNATIONAL**
**CORPORATION,** a Foreign Corporation
**MARKET TRADERS INSTITUTE INC.,** a
Foreign Corporation
**I-TRADE FX, LLC**
**HALLMARK BANK AND TRUST LTD.,** a
Foreign Corporation
**MASTERCARD WORLDWIDE,** a New York
Corporation
**COOL CARD,** a Jamaica Corporation
**TURKS & CAICOS ISLANDS FSC**
**BUTTERFIELD BANK,** a Cayman Islands Bank

    *Defendants*

_____/

## DON DOWE'S RESPONSE TO USIMO INTERNATIONAL CORP., JOSEPH ISSA, MZ HOLDINGS LIMITED, AND COOL CARD'S MOTION TO DISMISS VERIFIED COMPLAINT AND MOTION TO QUASH SERVICE OR PROCESS.

1

Don Dowe has filed an action against JOSEPH ISSA (ISSA), MZ HOLDINGS (MZ), and COOL CARD (collectively the ISSA Defendants) and USIMO Corporation.

## FACTUAL BACKGROUND

**1.** Don Dowe invested money with Defendant Joseph Issa, a Jamaican individual who runs a company called USIMO. The relationship between Joseph Issa and USIMO is an alter ego relationship.

**2.** Don Dowe had a schoolboy relationship with Joseph Issa that lasted well into their adult years. While Dowe was an executive with the Motorola Company in Florida he did business with the Issa companies, which were operating in Florida and as far as Dowe is concerned still operate in Florida.

**3.** USIMO is a limited liability company formed in the British Virgin Islands, which does business in Florida and Jamaica. In Florida it solicits business from high net worth individuals of Jamaican origin over the Internet and solicits their investment in Olint, a fraudulent investment company. David Smith a co-conspirator with Joseph Issa in money laundering and fraud has been arrested by the British authorities in the Turks and Caicos Islands and charged with 20 counts of money laundering. Joseph Issa has evaded arrest in Jamaica because of his political contacts in that jurisdiction.

**4.** MZ is a limited liability company created under the laws of Jamaica, which maintains its principal place of business in Ocho Rios, St. Ann. Plaintiff contends that MZ Holdings received funding from his Plaintiff's $2.6 million investment in Olint.

**5.** Monies received by Joseph Issa from Don Dowe to fund USIMO was used to capitalize Cool Card and MZ Holdings without the permission of Mr. Dowe.

**6.** Joseph Issa is a Jamaican/Palestinian National who resides in Ocho Rios Jamaica. Mr. Issa makes frequent business and leisure trips to the United States and transacts business with several of his business connections in both the oil and leisure industries in the United States.

**7.** USIMO is completely owned, controlled and directed by Joseph Issa. USIMO was one of the companies that collected money from Olint Investors when it was illegal for Olint Investors to invest in Jamaica. USIMO had a major conspiratorial arrangement with Olint to evade Jamaican laws and develop a money laundering technique through which Olint investors from the United States could transmit money to Olint for investment and receive payouts from Olint on their investment in violation of United States tax and money laundering statutes. A U.S. Grand Jury investigation in Orlando Florida is currently investigating the Olint fraud perpetrated by Joseph Issa and David Smith on Mr. Dowe and other

Olint investors. Mr. Dowe has been prepared for Grand Jury testimony by Federal Agents.

8. There is no evidence of any money paid by USIMO to the Plaintiff's individual account. The obvious inference to be made and the inference based on the facts available to Don Dowe is that no money was sent by USIMO to Olint and that USIMO laundered, stole or converted the money to it's use.

9. USIMO actively solicited payments of funds from Olint Investors. It did so on the Internet and by word of mouth. USIMO used its connection with the Issa name and the Super Clubs brand (used by the Issa's) to inspire confidence in investors. See Affidavit of Don Dowe attached.

10. Plaintiff Don Dowe is a USIMO investor whose money was never sent to Olint and whose money has not been returned by Olint or USIMO. Plaintiff Don Dowe was defrauded by Joseph Issa using USIMO as a corporate agent.

## ARGUMENT

The Complaint pleads sufficient facts to bring this case within the ambit of the Florida Long Arm Statute. (see Venetian Salami, 554 So. 2d at 502.)

The Issa family, Joseph Issa has always had a bold, continuous and significant presence in Florida.

Joseph Issa does business in Florida. He visits Florida to make purchases for USIMO and his investments and his other business interests, which include gas stations and hotels.

USIMO also made Internet solicitations in Florida, which resulted in Florida residents making large multi-million dollar investments in USIMO. The Issa Defendants do business in Florida and meet the requirements of the language of the Florida Long Arm Statute. See Fla. Stat.:48.193(1).

USIMO and the Issa Defendants have sufficient contacts with Florida to vest this court with personal jurisdiction. (see Int'l Shoe Col. V. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

Personal jurisdiction can be defined as the courts power to compel a Defendant to appear before it, to adjudicate claims made by or against the Defendant or to enforce any judgment entered in connection with such claims. However the days when a court could exercise dominion over a person being determined exclusively by the geographic territory where the person could be physically found are over.

Technological advances in transportations and communications have made the activities of the individuals more likely to impact on jurisdictions well outside the geographic region.

The law is flexible enough to confer in personam of jurisdiction over a company such as USIMO which was set up in the British Virgin Islands and engaged in powerful internet advertising in the Turks and Caicos Islands directed at potential investors in Florida. In cases of this type the courts have demonstrated a tendency to interpret Florida's Long Arm Statute broadly and to establish that a personal jurisdiction exists. (see Posner vs. Essex Insurance Company Limited 178 F 3rd 1209 (11th Circuit 1999).)

Posner broadly interprets Florida's Long Arm Stature to mean that a Defendant who commits a tort that causes injury in Florida is subject to personal jurisdiction under Florida Statute 49.193 1(b), regardless of where the act that caused the injury was completed.

To establish minimum contact, the Issa Defendants and USIMO must commit an act by which they purposely avail themselves of the privilege of conducting activities within the forum state. (see Hanson vs. Denckla 357 US 235). The popular standard is that Joseph Issa and USIMO should "reasonably anticipate being haled in to court" in Florida. (see Worldwide Volkswagen Corp vs. Woodson 444 US 286 1918)

The court should entertain personal jurisdiction over the Defendant that is "reasonable" in view of a number of factors such as: the burden imposed on the Defendant having to litigate in a foreign state; The forum states' interest in

adjudicating the dispute; the Plaintiffs interest in obtaining convenient and effective relief; the interstate judicial systems interest in achieving the most efficient resolution of the controversy; and the shared interest of the states in furthering fundamental social policies. (see Burger King vs Rudzewicz 471 US 462 1985)

Joseph Issa is an oil and tourism millionaire, he has no burden in hiring a huge law firm to litigate this case in the United States. His family owns the Super Clubs Empire.

The United States has an extremely well developed interest in adjudicating this dispute. The United States has an interest in preventing money laundering, theft, and foreign Ponzi Schemes from looting its citizens businesses and creating social dislocation and financial crisis within its borders.

The Federal Courts certainly have an interest in pronouncing judgments against the misconduct of Foreign Ponzi Schemes. ( see Burger King vs Rudzewicz 471 US 462 1985).

The United States through its Federal Reserve System and Jamaica through its Financial Services Commission share a similar fundamental social policy in promoting investor confidence and encouraging stable financial growth in the Caribbean region. (see Burger King vs. Rudzewicz 471 US 462 1985).

## **SERVICE OF PROCESS**

The Issa Defendants and USIMO were properly served despite threats of violence and intimidation. (see Affidavit of Don Dowe)

## PRIVATE RIGHT OF ACTION UNDER SECTION 206 OF THE INVESTORS ADVISEMENT ACTS.

The United States Supreme Court **has not** declared that a Private Right of Action is non-viable under section 17a of the 1933 Securities Act.

Section 206 makes it unlawful for an investment advisor by the use of the mails or any means or instrumentality of interstate commerce to "employ any device, scheme or artifice to defraud any client."

## BREACH OF TRUST

USIMO and the Issa Defendants clearly breached the trust of Plaintiff Don Dowe when he received over 2 million dollars funds, which he did not return to Mr. Dowe. This constitutes a breach of trust for which Mr. Joseph Issa and/or USIMO needs to pay the $2.6 million in damages.

**WHERFORE**: Don Dowe respectfully requests that the court enter an order for the Defendants to answer the Complaint.

Respectfully Submitted,

David P. Rowe
FBN 373575

8

110 East Broward Blvd
Suite 1700
Ft. Lauderdale Fl. 33301
305-731-0019

## Certificate of Service

I hereby certify that on this 8th day of March 2010 I served a true copy of the foregoing by mailing a true copy of the same by depositing it in the US Mail, first class, postage prepaid, as addressed to:

Squire, Sanders & Dempsey L.LP.
200 South Biscayne Blvd. Suite 4100
Miami, Fl. 33131
Telephone: 305-577-7000
Fax: 305-577-7001

Robert C.L. Vaughn
FBN 130095
Cristina B. Rodriguez
FBN 639982
Javier Lopez
FBN 0016727

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 09-057632-CA-08

DON DOWE,

    *Plaintiff,*

vs.

USIMO INTERNATIONAL CORP., et al.,

    *Defendants,*

_____/

I DON DOWE declare as follows:

1. The facts as set forth in this Declaration are true and correct and based upon my personal knowledge.

2. I am a United States Citizen and I reside in Miramar, Broward County, Florida. I know Joseph Issa personally.

3. I attended the Campion College High School in Kingston Jamaica with Joseph Issa for five years contemporaneous with Mr. Issa. We had several interactions together while we were in school.

4.  I left Jamaica to be educated in the United States and so did Mr. Joseph Issa who eventually became a Certified Public Accountant in the United States.

5.  I graduated with a Master in Business Administration Degree and I started a job at Motorola.

6.  One of the jobs that I participated in at Motorola was the sale of Satellite phones. Satellite phones permit the owner the make calls to any telephone at any location on the globe. I sold 10 such satellite phones to Muna Issa, Joseph Issa's sister and Mr. Gary Williams then Vice President of Operations Super Clubs.

7.  These Global Satellite phones were marketed under the name of Iridium Phones. It was my understanding that these Iridium Phones were for use by the Issa Family in Palestine and the Middle East generally.

8.  I do not know how these Iridium phones were actually used.

9.  I met with David Smith and individuals close to David Smith.

10. I have had several other dealing with Joseph Issa and his representatives. Some of those contacts actually occurred in Florida.

11. I Don Dowe have always personally operated, engaged in and carried on business in Florida.

12. I was solicited by Joseph Issa under the acronym Olint to deposit money with Joseph Issa personally or through his corporate agent USIMO in Florida.

13. Joseph Issa cashed my several checks and was supposed to pass the funds along to Olint.

14. There is no evidence of Joseph Issa ever paying any money to Olint from the USIMO account.

15. I am a witness to Mr. Joseph Issa personally and individually promoting the sale of interests in Olint and USIMO in the State of Florida.

16. I properly served Mr. Joseph Issa, USIMO and MZ Holdings Complaint on Mr. Joseph Issa at his business place in Rockfort, East Kingston.

17. At the time of the service the agent accepted service from my process server without protest and pointed out that they would give the service to Mr. Issa personally, who was a few feet away and surrounded by armed bodyguards.

18. I made the decision to invest in Olint/USIMO when I was in Florida and I did this because of the fact that I knew Joseph Issa and I relied on the fact that he is/was a owner or part owner of International Lifestyles, Hedonism, Couples and Super Clubs Resort chain and because I had done significant business with him in Florida. I now consider him a thief and a threat to United States National Security.

**Notary Signed**

**Don Dowe**

YVONNE B. DIAH
MY COMMISSION # DD918892
EXPIRES: August 24, 2013
Fl. Notary Discount Assoc. Co.

David Smith Arrested, Posts $1 Million dollar Bail                                                                 3/08/00 11:39 AM

READ ALL OF OUR PRINTED EDITIONS


AN ONLINE DEGREE FROM A TOP UK
UNIVERSITY IS ONLY A CLICK AWAY

Latest Real Estate    Real Estate: The perfect time to invest?                           search...        [Search]

HOME    LOCAL    BUSINESS    REAL ESTATE    LIFESTYLE    REGIONAL    COMMUNITY    ENVIRONMENT    CONTACT US    ABOUT THE TCI

## David Smith Arrested, Posts $1 Million Dollar Bail

Written by fp staff
Thursday, 05 February 2009 17:14



David Smith, the controversial currency trader was arrested in Turks and Caicos today. The facts remain unclear at the time of this posting. Mr. Smith is the founder and fund manager of Olint an investment club out of Jamaica.

November 2006 the Jamaican Financial Services Commission (FSC) served a cease-and-desist order on Mr. Smith's company the company, which was ordered not to add subscribers until a tribunal was held to establish its good standing.

Whilst Olint represented investors from the Jamaican and regional middle classes, Mr. Smith had a company, CASH PLUS which fell to ruins that saw many working class and poor Jamaicans lose their investments.

The former Director of CASH PLUS, a Carlos Hill was arrested recently and is believed to be on bail at the moment in Jamaica.

The Jamaican Supreme Court found Olint in breach of the Securities Act of Jamaica in December 2006. It was held that Olint was issuing investment agreements and providing advice or what lawyers call: holding itself out as having been licensed to do such things. In addition, the lawsuits are beginning to pile up, both in Jamaica, the US in the region and in Turks and Caicos.

One claim comes from a not-for-profit group Hands Across Jamaica for Righteousness for US $11 million alone.

In a statement released recently after nearly 6 months of silence, Mr. Smith said: ?has definitely not been my desire but due to the money laundering allegations in the Turks and Cacios Islands directed at me, Olint TCI and TCI FXTraders it has been impossible for me to communicate with you.?

Mr. Smith arrest comes amidst a host of bad news for Turks and Caicos, including, but not limited to the ongoing Commission of Inquiry in which Ministers of Government are having to answer publicly for their conduct in office. It comes also in the shadow of the $50 billion dollar Madoff scandal in the US. Rumors are swirling around Turks and Caicos, largely unconfirmed that Members of Government may also be ensnared in Mr. Smith's legal web and possibly also the government itself. Again, whilst it is as yet unconfirmed, supposedly government members were recipients of Mr. Smith's generosity and as such, it may appear that they gave comfort to his enterprise. In a twist that may prove chilling, Mr. Neville Cadogan CPA, the former Managing Director of the Financial Services Commission was let go and replaced by Mr. Kevin Higgins, the former Chief Economist of The Bahamas Central Bank.

No wrongdoing has been alleged officially on the part of Mr. Cadogan.

[< Prev]    [Next >]

Copyright © 2010 FP Turks and Caicos Official Website. Turks and Caicos Islands British West Indies.
RSS | CSS Valid | All Browsers | XHTML Valid | Go to top

HOME    CONTACT US

Ads on: Special HTML

http://tcweeklynews.com/default.aspx?sourceid=...&smenu=118&twindow=&mad=&sdetail=&wpage=&skeyword=&sidate=&ccat=&ccatm=&restate=&restatus=&reoption=&retype=&repmin=&repmax=&rebed=&rebath=&subname=&pform=&sc=2464&hn=tcweeklynews&he=.com 3/23/10 11:35 AM



over **25,000 readers** each month



feature

Available in 14 BAHAMAS

☑ **Indepth** Reporting and Analyses
☑ **Great** Sports Coverage - **local & international**
☑ **Have your say** in our Talk Back Column
☑ **Exciting** Lifestyle Columns
☑ **Jobs** and more in our Classified Ads

## TURKS & CAICOS
# Weekly News



*Since* 1982

THE NATIONAL NEWSPAPER OF THE TURKS & CAICOS ISLANDS    THE WIDEST CIRCULATION IN TCI

Cheshire House, Leeward Highway, Providenciales. PO Box 52. Phone: **(649) 946-4664**, Fax: **(649) 946-4661**. Email: **tcnews@tciway.tc**

• **Today's Headlines**
• **Front Page**
• **Court and tribunals**
• **Fire Calls**
• **Your Community**
• **Development**
• **Business**
• **Features**

• **Football**
• **Softball**
• **Basketball**
• **Rugby**
• **Cricket**
• **Hockey**
• **Golf**
• **Fishing**
• **Athletics**
• **General**

• **Weekly News team**

• **Views/suggestions**

## Olint's David Smith arrested on four new charges

EMBATTLED Olint boss David Smith – at the centre of one of the region's largest fraud probes – has been arrested on a string of new charges.

The Jamaican businessman was apprehended at his Chalk Sound home early on June 12 by Financial Crime Unit (FCU) police.

He appeared before magistrate Joan Joyner last Friday to answer four charges largely relating to a $2.5m transaction on April 24 2008.

He is accused of stealing the cash from client funds and obtaining property by deception by claiming the money was needed to repay investors.

Smith also faces two money laundering charges, one of which is for allegedly transferring the sum – described as criminal property – between accounts.

The other is for concealing, disguising, converting and transferring criminal property between April 2006 and July 2008.

The court was told he had falsely informed Olint investors that their money would be traded on the Forex Market and then lied about excessive returns on non-existent currency trades.

The four new charges are in addition to the existing eight which Smith already faces following his arrest in February.
The total value of the alleged fraud now stands at a whopping $750m.

Smith's bail was doubled to $2m and he must report daily to Chalk Sound police station pending his next court appearance on August 5.

Joe Connolly, of PricewaterhouseCoopers, was recently appointed liquidator of Olint TCI. He is also wrapping up Smith's other TCI-based firm FX Traders.

Investors across the region are said to have ploughed millions into the companies.

To date, Olint TCI's only identified assets are monetary, totalling $13m which have been frozen by US and TCI authorities.

It is not yet clear whether they will be recovered to repay creditors.

A statement released by the liquidator points to a "significant shortfall in the assets available to meet the claims of customers of Olint TCI".

It continues by saying that the process of any possible reimbursement is likely to be "difficult and time consuming".

"The official liquidator has indicated that there is no likelihood of an early distribution to claimants," it reads.

Claimants are now being asked to forward their details to Mr Connolly. They should visit http://site.olinttciliquidation.com/ for more information and



IN THIS ISSUE

HARTLING RECEIVES PRESTIGIOUS LIFETIME AWARD



Weekly News

WAGE CUTS

CIVIL SERVANTS LOSE 10% PAY



Sports

### Thrilling victory for H.J Robinson



http://tcweeklynews.com/default.aspx?sInteID=Cosmeric&usaiwi=edebath&etc&hmer&prones=s=Dacketncwen/newzlynewfone=category  03/03/00 11:35 AM

contacts.

Issues with Olint TCI first came to light when Smith's Providenciales home was raided and assets from both Island-based firms frozen amid investigations by the FCU.

Smith denies operating a Ponzi scheme, a fraudulent investment operation that pays returns to investors from their own money or that paid by subsequent investors rather than from any actual profit earned.

In January, the High Court refused to lift the freeze order on Smith's assets. He had wanted them released to honour a promise to make payments owed to clients attracted by Olint's 10 per cent per month return on investments.

Olint was originally started by Smith in Jamaica before being closed down by the Financial Services Commission (FSC) in March 2006. He launched operations in the TCI shortly afterwards.

Meanwhile, international media are reporting that former Premier Michael Misick is being sued by a Florida physician who claims the ex-leader encouraged overseas investors to put their money into TCI firms.

Plaintiff Christopher Walker is said to be seeking $2.4 million in damages against Mr Misick for apparently doing "nothing to discourage investors from investing in Olint" before its "fraudulent behavior and business practices" came to light.

Mr Misick publicly described David Smith as a "model citizen" in December 2007, praising his contribution to the local economy and commenting that "Jamaica's misfortune is indeed the good fortune of Turks & Caicos".

By Gemma Handy

## Submit your opinion on this story

Name: _____

Email: _____

Opinion: (5,000 characters)

☑ Publish My Opinion

Security Code

T6JRZ

Security Code

[ Submit Your Opinion ]

**more . . . Court and tribunals**
12.MAR.10 Emanjoe found with drugs and ammo
12.MAR.10 Teenager and accomplice on gun charges

http://tcweeklynews.com/default.aspx?sourceid=&smenu=138&twindow=&mad=&sdetail=&wpage=1&skeyword=&sidate=&ccat=&ccatm=&restate=&restatus=&reoption=&retype=&repmin=&repmax=&rebed=&rebath=&subname=&pform=&sc=1368&hn=tcweeklynews&he=.com      3/16/10  11:35 AM

12.MAR.10 Burglar remanded to prison
12.MAR.10 Customs officer found with drugs
12.MAR.10 Amanyara trio free at last
05.MAR.10 Wanted man sentenced to jail
05.MAR.10 Twenty-year-old gets life sentence for murder
05.MAR.10 DR poachers jailed
26.FEB.10 Junkanoo murder trial into final week
26.FEB.10 Linden Pratt sentenced to jail
26.FEB.10 Policeman trial date set
19.FEB.10 Schoolboy's murder case continues
12.FEB.10 Hoffman lawyers fight to "mitigate Commission damage"
12.FEB.10 Junkanoo murder trial underway
05.FEB.10 Reid held in contempt of court then released
29.JAN.10 Attempted murder accused trio remanded to prison
29.JAN.10 Police officer's son freed on probation
29.JAN.10 Repeat girlfriend beater granted bail
29.JAN.10 Lost tourist declared dead
22.JAN.10 Casey freed
22.JAN.10 "Be decent" – Justice Richard Williams
22.JAN.10 Gun shot victim sentenced to jail
22.JAN.10 Facebook members to be prosecuted if found
15.JAN.10 Casey Stubbs on trial for 'Coffee's' death

Search Archives

Keywords: _____

Issue date: >=12/13/2009

· Type either Keywords, Date or both.
· Date examples: 5/30/02, >5/30/02

( search )

You are visitor: **3,973,026**

{ website powered by **bulletlink.com** }

Copyright © 2010  Turks and Caicos Weekly News.  All rights reserved.

^Top                                                                        ^Top

Saturday, Mar 13, 2010



The Leading Newspaper in the TCI

[ Search ]

HOME | TOP STORIES | ARCHIVES | ABOUT US | EDITORIAL | GALLERY

Olint investors fuming delay in investment returns

By Vivian Tyson - SUN Senior Editor

A number of investors of the David Smith's failed financial club Olint, who turned out at the Jamaica Conference Centre, Kingston, Jamaica on Monday, with anticipation to heard liquidator Joseph Connolly tell how they could get back their money, were said to have left the meeting even angrier than how they went in.

While winding up operation of Olint is taking place, Smith is vigorously appealing the court order in the Appellate Court now is session in the Turks and Caicos Islands for two weeks.

Jamaica's newspapers quoted Connolly as informing the investors he has so far only identified US$10 million in liquid assets, which is less than a sixth of total claims. The media reports said Connolly made the revelation at two meetings with club members.

I've spoken to the creditors today... I met with the unsecured creditors and I met with the trustee creditors," Connolly was quoted as saying to the Jamaica Observer, after the meetings, which were said to have been closed to the media.

Trust Fund beneficiaries are claimants who had deposited funds directly to Hallmark Bank & Trust

Limited in the TCI between April 2006 and July 2008 and had entered into a Private Club Members Agreement with Olint TCI. Unsecured creditors, on the other hand are claimants who also entered into a Private Club Members Agreement with Olint TCI, but did not deposit funds directly to Hallmark.

Connolly told reporters that US$6 million has been identified in the Turks and Caicos Islands, US$4 million in the United States and additional amounts of approximately US$2 million which he believed he and his team have the ability to recover.

"And, of course, we are still working on the records to see what else is available," he told reporters, explaining that 6,000 people had invested US$220 million in the operation and that 376 people had claimed some US$67 million since it folded.

Connolly, in a report published at the end of last year, summed up Olint as an unregulated financial organisation and a Ponzi scheme purporting to make high returns from foreign currency trading.

"The pattern of receipts and payments indicates that the main function of the Hallmark/Olint account was to collect money from members (US$220 million) and then meet redemption requests from members (US$156 million)," Connolly said in the report. "We can find no evidence in our analysis of the source and application of funds of any trading profits being received in the bank account to meet these redemption requests."

According to the Jamaica Observer, members of the club openly expressed anger as they left the venue after the meetings, with some expressing bitterness at the proceedings, some towards Smith and some, even, towards the Government.

"Basically, there is no money to pay the unsecured creditors," the newspaper quoted a woman as saying, further telling the paper that she and two family members invested US$30,000 in Olint.

The newspaper also said many Olint members expressed concerns over how Connolly is handling the matter and have openly called for the appointment of a replacement. Questions have also been raised by creditors about how much money Connolly is being paid for the liquidation, which, they claim, is a significant amount.

Olint began operating on Jamaica's local financial scene several years ago after attracting thousands of investors with an offer of 10 per cent per month return on investments. But, under mounting pressure from the country's financial service regulator and mainstream banks, Smith moved Olint's operations to the Turks and Caicos Islands in 2008, but shortly thereafter ran into legal troubles.
He and wife Tracy were arrested and slapped with several criminal charges in relation to investors' money. The court later ordered that the company being liquidated and investors returned their money.

↝ E-mail this to a friend     🖶 Printable version

## MORE STORIES

- LIME TELETHON RAISES US $260,000 FOR HAI...
- Education week highlights students' cr...
- Beautiful paintings from Paintfest to ad...
- British caught sabotaging Turks and Caic...
- TCI Wastes to open recycling factory in ...
- No need to panic over flu symptoms, says...
- Guns, drugs, alcohol, sex destroying TCI...
- Successful bidder for airport extension ...
- Former Sports Minister Lillian Boyce def...
- Illinois businessman with money in TCI s...



Established 1834

**Now On...**
**West Indies vs Australia and South Africa vs India**

Search

Archives  Careers  Cartoons  Classifieds  Directory  Radio  RSS  Video

Ads by Google    Jamaica    Issa    Job in Jamaica  Pic of Jamaica

Home

**Sections**

Lead Stories

News

Business

Sport

Commentary

Letters

Entertainment

International

**More News**

Power 106 News

The Star

Financial Gleaner

Overseas News

The Voice (UK)

Communities

Hospitality Jamaica

Youthlink Jamaica

Google

○ Web
◉ Jamaica-
gleaner.com

( Search )

**Archives**

2005 - Now
(HTML)

1834 - Now (PDF)

**Services**

Find a Jamaican

Hotel Booking

Library

Power 106FM

Shopping

# Freeze on Joey Issa's assets lifted

**Published: Tuesday | January 6, 2009**

**Barbara Gayle, Staff Reporter**

**The assets of businessman Joseph 'Joey' Issa are no longer frozen as the Supreme Court yesterday set aside the freezing order which was granted on December 15, 2008.**

St Ann businessman Arthur Von Strolley has filed a suit in the Supreme Court against Issa's company Wisdom Investments Holdings Jamaica Ltd, Joseph Issa and Sasha Harjani, secretary of Wisdom Investments, to recover damages for negligence arising from an investment.

After the suit was filed, Von Strolley applied to the Supreme Court on December 15 last year for an order to freeze Issa's assets and was successful.

Issa, who is being represented by Pamela Benka Coker, QC, and Michele Champagnie, applied to the Supreme Court to have the freezing order set aside. Issa contended that that Von Strolley's affidavit was riddled with lies and misinformation.

Supreme Court Judge Patrick Brooks, after hearing legal submissions yesterday, set aside the freeze order.

The judge set aside the order because he said it was in breach of the court rules which states that a freeze order must be for 28 days when it is granted on an *ex parte* application.

The order, which was granted on December 15 last year, was to remain in force until the hearing and determination of the lawsuit.

The judge had suggested to attorney-at-law Abe Dabdoub, who represents Von Strolley, that he could renew the application for the freeze order but Dabdoub said he was not prepared to make the application yesterday afternoon.

Dabdoub applied for leave to appeal the judge's ruling and the application was granted. The judge turned down an application for a stay of his order which would have meant that the assets would have remained frozen until the appeal was filed.

**Induced to invest**

Von Strolley is contending in the suit that Issa induced him in June 2007 to invest US$1.9 million with Wisdom Investments. He claims that there was an agreement

Shopping
Weather
**Interactive**
Chat
Dating & Love
Event Guide
Submit a Letter
Video
WebCam
**Subscriptions**
News by E-mail
Newsletter
Print Subscriptions
**About Us**
Advertising
Gleaner Company
Contact Us
**News Links**
Stabroek News
**Related Sites**
Discover Jamaica
Go-Jamaica
Sports Jamaica

that he would get four per cent interest per month on the principal.

He also claims that since February last year he has not received any returns on his investment and contends further that despite repeated demands, he has not received the principal.

Von Strolley alleges that Issa told him that some of his money was invested with the troubled Olint TCI (Turks and Caicos Islands), which is operated by Olint's boss David Smith, but Von Strolley is alleging that such an investment was done without his authority or instructions.

In court documents, Issa said he and Harjani had no personal dealings or contract with Von Strolley. He also said that Wisdom Investments Holdings Jamaica Ltd had no dealings with Von Strolley.

More Lead Stories
E-mail this story
Print this Page
Letters to the Editor
Popular Stories
BOOKMARK

**Portfolio 21 Investments**
Pioneering Environmental Investing Since 1982. Learn More.
www.Portfolio21.com

**WRONGFUL Death Attorney**
Have You Lost a Loved One? Get an Attorney Who Cares!
www.silverlawoffices.com

**Earn 15-25% Annually**
Producing Oil & Gas Properties, IRA 401K Qualified, $25K Min, Dividends
USEnergyAssets.com

INSURANCE COMPANY
Jamaican Redevelopment Foundation, Inc
Real Estate For Sale
VICTORIA MUTUAL
For Every Financial Move You Make
The Directory of Jamaican Personalities 2007/2008
SolarGen
Solar Water Heater
Enjoy & Save
Interactive
Play Domino Games
Get Listed
Black Pages
CALL TODAY

Making Something out of Nothing
You ask the questions...
Email us at moneymatters@gleanerjm.com and have a team of Capital & Credit Merchant Bank experts respond

© Copyright 1997-2009 Gleaner Company Ltd.
Contact Us | Privacy Policy | Disclaimer | Letters to the Editor | Suggestions | Add our RSS feed











