IN THE CIRCUIT COUR OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 09-057623 (08)

**DON DOWE, a Florida Resident**

**Plaintiff**

**vs.**

**USIMO**
**WACHOVIA BANK**
**JOSEPH ISSA**
**MZ HOLDINGS LIMITED**
**JARED MARTINEZ**
**ISAAC MARTINEZ**
**DAVID SMITH**
**OVERSEAS LOCKET INTERNATIONAL CORPORATION**
**MARKET TRADERS INSTITUTE INC.**
**I-TRADE FX, LLC**
**HALLMARK BANK AND TRUST LTD.**
**MASTERCARD WORLDWIDE**
**COOL CARD**
**TURKS AND CAICOS ISKANDS FSC,**
**BUTTERFIELD BANK**

## PLAINTIFF DON DOWE'S RESPONSE TO DEFENDANT TURKS & CACOIS FINANCIAL SERVICES COMMISSION MOTION TO DISMISS.

Plaintiff Don Dowe has brought this action against the TURKS

& CAICOS FINANCIAL SERVICES COMMISSION, which is an

agency of the Government of the Turks & Caicos Islands.

## FACTS

David Smith and Jared Martinezran a Ponzi Scheme in the Turks and Caicos which was referred to as Olint TCI. Olint TCI was licensed and regulated by the Turks & Caicos Islands Financial Services. Despite what ought to have been a rigorous due diligence exercises to determine its validity and legitimacy the Turks & Caicos Financial Services Commission rubber stamped Olint TCI's application for registration.

David Smith used the World Wide Web to advertise Olint to American Citizens living in the United States. Olint could not have established itself in the Turks and Caicos Islands had it not received specific approval and endorsement from the Defendant Turks and Caicos Islands Financial Services Commission. This makes the Turks and Caicos Financial Services Commission partially responsible for the fraud that Mr. Dowe has suffered from.

The Turks and Caicos Financial Services Commission should "reasonably anticipate being haled in to court in Florida" see Camp Illahee Investors v. Blackman, 870 So. 2d 80, 85 (Fla. Dist. Ct. App. 2003) because the Turks and Caicos is an offshore jurisdiction that advertises for and receives United States Investment on a regular basis.

Although the Turks Islands Financial Services Commission does not maintain an office in Florida by registering off-shore funds which receive US Investment they certainly can be said to be soliciting business in Florida.

This Court has personal jurisdiction over the Turks and Caicos Financial services Commission because of the volume of business transacted on a daily basi between Turks and Caicos and Florida and the facilitative rule played by the Turks and Caicos Financial Services Commission with that investment with respect to this business.

Under the Commercial Law Exception of the Foreign Sovereign Immunity Act this Court has subject matter jurisdiction over the Turks and Caicos Financial Services Commission. Under 28 USC 1605 82 a Plaintiff can sue a Foreign State when a Plaintiffs claim is based upon an act by the Foreign State which is performed outside the United States in connection with commercial activity outside the United States but which causes a direct effect <u>in the United States.</u> It requires the Courts to look towards the act itself see 28 USC 1603 (d), see also <u>Republic of Argentina v Weltover</u> 504 US 607, 1992. This case held that bond payments by Argentina were a commercial activity and therefore an exception to the Foreign Sovereign Immunity Act, similarly investment activity in foreign exchange futures in the Turks and Caicos ought to constitute commercial activity.

## <u>CONCLUSION</u>

For the foregoing reasons Defendant Turks and Caicos Financial Services Motion to Dismiss for failure to state a cause of action and for lack of personal and

subject matter jurisdiction should not be granted and Defendant Turks and Caicos

should be required to answer the Complaint.

Respectfully Submitted,

_____
David P. Rowe
FBN 373575
110 East Broward Blvd
Suite 1700
Ft. Lauderdale Fl. 33301
305-731-0019

**Certificate of Service**

I hereby certify that on this 8th day of March 2010 I served a true
copy of the foregoing by mailing a true copy of the same by depositing it in the
US Mail, first class, postage prepaid, as addressed to:

Joseph B. Tompkins, Jr.
Pro Hac Vice Pending
Guy S. Neal
Pro Hac Vice Pending

Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202- 736- 8000
Fax: 202- 736- 8711

Richman Greer, P.A.
Miami Center
Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305- 373-4000
Fax: 305- 373-4099

Attorneys for Defendant

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

Don Dowe,

     Plaintiff,

                               CASE NO. 09-~~057632~~-CA-08

vs.

Usimo International Corp., et al.,

     Defendants.

_____/

**USIMO INTERNATIONAL CORP., JOSEPH ISSA, MZ HOLDINGS
LIMITED, AND COOL CARD'S MOTION TO DISMISS VERIFIED
COMPLAINT AND MOTION TO QUASH SERVICE OF PROCESS**

      The Verified Complaint filed by Plaintiff Don Dowe ("Complaint") raises unsustainable

claims against several defendants, including Defendants JOSEPH ISSA ("Issa"), MZ

HOLDINGS LIMITED ("MZ"), and COOL CARD (collectively "Issa Defendants"), as well as

USIMO INTERNATIONAL CORP. ("Usimo").   The Issa Defendants and Usimo are all

nonresidents over whom this Court lacks personal jurisdiction and none of whom was properly

served with process.

      The Complaint purports to bring a potpourri of claims under the Federal Securities Laws.

One of those claims falls outside this Court's subject-matter jurisdiction.   Other claims fail

because the Federal Statutes relied upon do not create a private right of action.   The lone

common-law claim alleged in the Complaint does not contain sufficient allegations to support a

legally-cognizable cause of action.   Accordingly, without waving any available objections, the

Issa Defendants and Usimo move to dismiss the Complaint in its entirety under Florida Rules of Civil Procedure 1.140, 1.120, Florida Statute §48.193, and the Federal Securities Laws.

## I.    FACTUAL BACKGROUND.

1.    Plaintiff, Don Dowe, purportedly agreed to invest money with Defendant Overseas Locket International Corp. ("Olint"), a Jamaican/Turks & Caicos company owned and operated by Defendant David Smith, a Jamaican citizen.   The investment relationship was memorialized in a written contract between Olint and Plaintiff.

2.    Plaintiff is suing both Olint and Smith, as well as several other defendants, including the Issa Defendants and Usimo, in connection with his failed investment agreement. The Complaint identifies six counts for which Plaintiff seeks relief.   The first two counts seek relief for purported violations of the Federal Securities Act of 1933.   The third count seeks relief for alleged violation of the Federal Securities and Exchange Act of 1934.   The fourth and fifth counts seek relief under the Federal Investment Advisors Act of 1940.   The sixth count appears to seek relief under Florida common law.

3.    Usimo is a limited-liability company formed under the laws of the British Virgin Islands.   It conducted operations in the Cayman Islands and in Jamaica.   Usimo does not have any offices in Florida and it does not transact any business in Florida.   Usimo has been stricken from the rolls of the British Virgin Islands and is no longer authorized to conduct business.

4.    MZ is a limited-liability company created under the laws of Jamaica, which maintains its principal place of business in Ocho Rios, St. Ann, Jamaica. (Decl. J. Issa, ¶ 17). It operates in Jamaica with approximately 270 employees and several retail service locations, all located within Jamaica. (Decl. J. Issa, ¶ 18).  MZ's main business is wholesale and retail sale of

petroleum products in Jamaica.  (Decl. J. Issa, ¶ 18).  MZ does not have any offices in Florida and it does not transact any business in Florida.  (Decl. J. Issa, ¶ 22).

5.     MZ does some of its business under the name of Cool Card.  (Decl. J. Issa, ¶ 34). Cool Card, however, is not a separate, independent corporate entity.  (Decl. J. Issa, ¶ 34).  Cool Card does not have any offices in Florida and it does not transact any business in Florida.  (Decl. J. Issa, ¶ 35).

6.     Issa is a Jamaican national who resides in St. Mary, Jamaica.  (Decl. J. Issa, ¶ 2). Issa is not a principal or stakeholder of Olint.  (Decl. J. Issa, ¶ 10).  Issa does not reside, own real property, hold any liens, nor transact business in the State of Florida.  (Decl. J. Issa, ¶ 3 and 5).

7.     MZ entered into a limited contractual arrangement with Olint to provide certain vendor services to Olint. The Complainant has not alleged any contact with M Z Holdings in relation to his specific investments with Olint.  .

8.     Usimo also entered into a limited contractual agreement with Olint and subsequently served as one of many companies through which Olint investors could transmit funds to Olint for investment and receive payouts from Olint on their investments.

9.     The Complaint does not, nor can it, allege any discrepancy between the amount paid on account through Usimo by the Plaintiff and the amount subsequently transferred to the Plaintiff's individual Olint account.

10.     Usimo did not solicit the payment of funds from Olint investors.  Nor did it advertise, promote, or sell interests in Olint.  Rather, Usimo, along with several other entities, was listed on Olint's website as authorized to receive investments which the club members of Olint wished to make in Olint and as a payment center for Olint investors.  Thereafter, Olint investors independently selected the entity and location that was most convenient for them.

11.     MZ did not solicit the payment of funds from Olint investors.   Nor did it advertise, promote, or sell interests in Olint. (Decl. J. Issa, ¶ 28-29).

12.     All of the bank accounts MZ used in connection with its Olint vendor obligations were located in Jamaica. (Decl. J. Issa, ¶ 31).  Likewise, all of the bank accounts Usimo used in connection with its Olint vendor obligations were located in Jamaica and the Cayman Islands.

13.     Although the Complaint's allegations are vague regarding exactly which entity accepted Plaintiff's investment payments on account for Olint, the exhibits to the Complaint demonstrate that Plaintiff's payments on account were only made through Usimo.  The exhibits further demonstrate that all of the monies Plaintiff paid through Usimo for use with his Olint account were made by check into Usimo's Jamaican or Cayman Islands account.

14.     Plaintiff purports to be an Olint investor who entrusted money to Smith and Olint and who has demanded return of his investment but has not received his money back from Smith and Olint. (*See* Compl. ¶40).

15.     The Complaint is vague and entirely silent as to the Plaintiff's initial introduction and involvement with Olint and specifically, with Usimo and the Issa Defendants.

## II.     <u>ARGUMENT</u>

### A.     THIS COURT LACKS PERSONAL JURISDICTION OVER USIMO AND THE ISSA DEFENDANTS

It is undisputed that the Issa Defendants are nonresidents.  The same is true of Usimo.  In determining whether the exercise of personal jurisdiction over a nonresident is proper in a given case, the Florida Supreme Court mandates a two-pronged analysis.[1]   First, a court must determine if the complaint alleges sufficient jurisdictional facts to bring the action within the

---

[1] *Venetian Salami Co. v. J.S. Parthenais,*  554 So. 2d 499, 502 (Fla. 1989) (adopting the analysis in *Unger v. Publisher Entry Serv., Inc.,* 513 So. 2d 674, 675 (Fla. 5th DCA 1987).

4

ambit of Florida's long-arm statute; and, second, if the first prong is satisfied, it must determine whether sufficient "minimum contacts" are demonstrated to satisfy the Fourteenth Amendment's due-process requirements.[2]  Both parts of this two-pronged test must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant.[3]

1. **The Allegations In The Complaint Do Not bring Usimo Or The Issa Defendants Within The Ambit Of Florida's Long-Arm Statute**

Under the first prong of this test, the Court must consider whether the Complaint pleads sufficient facts to bring the case within the ambit of Florida's long-arm statute.[4]  Under this analysis, the statute is to be strictly construed.[5]  The triggering activities listed in the statute include (1) operating a business or having an office; (2) tortious conduct; (3) holding a mortgage or lien on real property; (4) causing injury within Florida if the defendant solicited business or provided services within the state or manufactured or serviced products used in Florida; (5) breach of contract where performance under the contract is required to occur in Florida; and (6) actions related to family-law disputes and insurance contracts.[6]

a. **Cool Card**

The only factual allegation about Cool Card in the Complaint is that Issa owns it.  (*See* Compl. ¶20).  Putting aside for the time being that this allegation is incorrect, the Complaint attributes no relevant conduct or connection with Florida to Cool Card.  Because the Complaint contains no jurisdictional allegations against Cool Card, any attempt to exercise jurisdiction over Cool Card automatically fails the first prong of the analysis.

---

[2] *Id.; see also Borden v. East-European Ins. Co.,* 921 So. 2d 587 (Fla. 2006).
[3] *Carib-USA Ship Lines Bahamas Ltd. v. Dorsett,* 935 So. 2d 1272, 1275 (Fla. 4th DCA 2006) (quoting *Am. Fin. Trading Corp. v. Bauer,* 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002)).
[4] *Venetian Salami,* 554 So. 2d at 502; *Carib-USA,* 935 So. 2d at 1275.
[5] *See City Contract Bus. Serv., Inc. v. Woody,* 515 So. 2d 1354, 1356 (Fla. 1st DCA 1987).
[6] Fla. Stat. §48.193(1).

SQUIRE, SANDERS & DEMPSEY L.L.P.

**b.**      **Usimo and the Issa Defendants**

In an attempt to plead personal jurisdiction as to Usimo and the Issa Defendants, the Complaint simply alleges:

> 18.      This court has jurisdiction over Defendant JOSEPH ISSA and DAVID SMITH because, upon information and belief, the said Defendant was operating a business of foreign currency trading from Orlando, Florida and said Defendants has [sic] committed a tort, in whole or in part or has otherwise transacted business in the State of Florida as described in greater detail below.

> 20.      This Court has jurisdiction over MZ HOLDINGS, USIMO, and JOSEPH ISSA as they all do business in the State of Florida.

These allegations only parrot the statutory language of Florida's long-arm statute and are not supported by any subsequent factual allegations.  Rather, the facts alleged speak specifically to David Smith's operations in Orlando, Florida and the fact that Olint and Smith did business in Florida.  Without any supporting facts, the Issa Defendants are merely a "tag along."  Further, the allegations against the Issa Defendants are inconsistent with the Declaration of Issa.  The Court is only bound to accept as true the jurisdictional facts alleged in the Complaint to the extent that they are not contradicted by the Declaration.[7]  The Complaint's jurisdictional allegations as to Usimo and the Issa Defendants therefore fail to satisfy the first prong of the analysis.

**2.**      <u>**Usimo And The Issa Defendants Do Not Have Sufficient Minimum Contacts With Florida To Satisfy The Due-Process Requirements Of The Fourteenth Amendment**</u>

Moreover, even if the Complaint has satisfied the basic pleading requirements of the long-arm statute, Plaintiff cannot establish that Usimo or the Issa Defendants have

---

[7] See Umbach v. Mercator Momentum Fund, L.P., 2007 U.S. Dist. LEXIS 74635, *9-10, Case No. 07-22219-CIV-MOORE (S.D. Fla. Oct. 5, 2007) (citing, inter alia, Venetian Salami, 554 So. 2d at 502) (analyzing exercise of personal jurisdiction by a state or federal court under Florida's Long-Arm Statute and applying the two-pronged analysis).

SQUIRE, SANDERS & DEMPSEY L.L.P.

constitutionally sufficient contacts with Florida to vest this Court with personal jurisdiction. "Due process requires that a nonresident ha[ve] sufficient minimum contacts with the forum state such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'"[8] A defendant has sufficient minimum contacts if it has purposely availed itself of the privilege of conducting business in Florida.[9] Such a defendant could reasonably anticipate being haled into a Florida court.[10] That is not the case here.

The Declaration and allegations in the Complaint establish that none of the Issa Defendants nor Usimo could reasonably anticipate being haled into a Florida court. None is a Florida resident or conducts business in the State. (Decl. J. Issa, ¶ 12, 33 and 45). None owns property or entered into any contracts in Florida. (Decl. J. Issa, ¶ 3, 7, 23, 24, 37 and 38). None was required to perform contractual obligations in Florida nor did they commit any tortious acts in Florida. (Decl. J. Issa, ¶ 6, 25, 26, 39 and 40).

Further, all of the deposits identified by Plaintiff were made to bank accounts in Jamaica or the Cayman Islands. Indeed, even if Usimo or the Issa Defendants had maintained a correspondent banking relationship with a bank in Florida to facilitate the transfer of money, which is not alleged, that relationship alone would be insufficient to establish personal jurisdiction over them.[11] Similarly, even if payment to Plaintiff by Olint through any of the Issa Defendants or Usimo was expected to occur in Florida, that too would not be sufficient to

---

[8] *Carib-USA,* 935 So. 2d at 1275 (citing *Int'l Shoe Col. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

[9] *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75, 105 S. Ct. 2174, 85 L. Ed. 528 (1985)).

[10] *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S. Ct. 66+, 62 L. Ed. 2d 490 (1980)).

[11] *See Banco Continental, S.A. v. Transcom Bank (Barbados) Ltd.,* 922 So. 2d 395, 399-400 (Fla. 3d DCA 2006); *also Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889 (11th Cir. 1983).

SQUIRE, SANDERS & DEMPSEY L.L.P.

establish personal jurisdiction over them.[12]   The Florida Supreme Court has expressly held that "the mere failure to pay money in Florida, standing alone" is not sufficient to obtain jurisdiction over a nonresident defendant.[13]

Finally, the allegations of a Ponzi scheme being furthered or facilitated via the Internet, even if proven true, does not and cannot create sufficient contacts between Florida and Usimo or the Issa Defendants sufficient to support the exercise of personal jurisdiction over them.  Firstly, the allegation refers specifically to Smith and not to Usimo or any of the Issa Defendants.  (*See* Compl. ¶27).  Even if the allegations were somehow directed to the Issa Defendants, the fact that they never solicited business from, nor contracted with Florida residents over the Internet, dictates that the exercise of personal jurisdiction is not warranted.[14]

Additionally, the Plaintiff's own agreement with Olint, which is attached as an exhibit to the Complaint, belies this allegation.   The agreement between Plaintiff and Olint expressly states:

> I Dr. Rex Xavier Dowe, declare that I have approached Overseas Locket of my own volition and have requested it to trade in the international currency market on my behalf AND FURTHER DECLARE THAT Overseas Locket International has not solicited any funds on my behalf.

To the extent a complaint's allegations are inconsistent with a document attached as an exhibit, the exhibit controls and the inconsistency must be resolved in its favor.[15]

---

[12] *See Venetian Salami*, 554 So. 2d at 503.
[13] *Id.*
[14] *See Miller v. Berman*, 289 F. Supp. 2d 1327, 1332-33 (M.D. Fla. 2003); *also The Hartcourt Cos., Inc. v. Hogue*, 817 So. 2d 1067, 1071 (Fla. 5th DCA 2002).
[15] *Striton Props., Inc. v. City of Jacksonville Beach*, 533 So. 2d 1174, 1179 (Fla. 1st DCA 1988); *see also Fladell v. Palm Beach County Canvassing Bd.*, 772 So. 2d 1240, 1242 (Fla. 2000); *Florida Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am.*, 763 So. 2d 429, 432 (Fla. 5th DCA 2000).

SQUIRE, SANDERS & DEMPSEY L.L.P.

Neither Usimo nor the Issa Defendants have any contacts with Florida.  Requiring them to defend a lawsuit in Florida with no minimum contacts and no facts to support the exercise of this Court's long-arm jurisdiction is improper and unconstitutional.  Accordingly, the Complaint should be dismissed *with prejudice* against Usimo and the Issa Defendants for lack of personal jurisdiction.

## B.   NEITHER USIMO NOR THE ISSA DEFENDANTS WERE PROPERLY SERVED WITH PROCESS

Plaintiff's improper service of the Complaint further impedes any attempt to exercise personal jurisdiction over Usimo or the Issa Defendants.  Unless a nonresident defendant waives service of process, service outside the state  must be completed "in the same manner as service within the state by any officer authorized to serve process in the state where the person is served."[16]  A defendant can waive the formal service of process requirements by (1) voluntarily serving responsive pleadings, motions, or papers; (2) authorizing or appointing an attorney or agent to accept service; or (3) agreeing to accept service by mail.[17]  None of the Issa Defendants or Usimo waived formal service of process.  Notwithstanding, Plaintiff attempted – improperly – to serve process on all of the Issa Defendants and Usimo by leaving a copy of the documents with a receptionist at the offices of a third-party company in Jamaica, that is not a party to these proceedings.  This did not constitute proper service on Usimo or any of the Issa Defendants.  Accordingly, Usimo and the Issa Defendants seek to quash this improper service of process.

### 1.   Plaintiff Failed To Properly Serve Issa

Issa did not waive formal service of process and Plaintiff failed to serve him pursuant to Section 48.031, Florida Statutes (2009).  Proper service of process on an individual must be

---

[16] Fla. Stat. §48.194.
[17] *Anthony v. Rotella,* 906 So. 2d 1205, 1208 (Fla. 4th DCA 2005).

9

accomplished through (1) personal delivery on the defendant or (2) leaving the document at the individual's "usual place of abode" with someone over the age of 15 who resides there.[18] Substitute service is also available through a defendant's spouse or at the defendant's place of business if the business is a sole proprietorship.[19]  Leaving a copy of the Complaint with a receptionist at Issa's office, which is not a sole proprietorship and where the receptionist was not authorized nor appointed to receive process on his behalf is improper.[20]  Accordingly, service on Issa should be quashed.

### 2.   Plaintiff Failed To Properly Serve Usimo And The Issa Defendants

Section 48.081, Florida Statutes, governs service of process on corporations.   It proscribes service by delivery of process to (1) the president, vice president, or other head of the corporation; (2) the cashier, treasurer, secretary, or general manager; (3) a director; or (4) any officer or business agent residing in the state.[21]  Beginning with category (1), service on each subsequent category of individuals can only be attempted if individuals in all the preceding categories are absent.[22]  Alternatively, a corporation can be served through its registered agent.[23] Section 48.081, however, must be "strictly construed and strictly complied with."[24]

Accordingly, the attempted service of process on Usimo, MZ, and Cool Card by simply leaving the documents with a receptionist at the offices an uninvolved third-party company, was

---

[18] Fla. Stat. §48.031(1).
[19] Fla. Stat. §48.031(2).
[20] *See Anthony,* 906 So. 2d at 1208 (finding leaving documents with co-worker who indicated she was authorized to receive service was improper); *also Smith v. FDIC,* 711 So. 2d 1367 (Fla. 4th DCA 1998) (service on doorman at apartment building where defendant lived was insufficient); *Berne v. Beznos,* 819 So. 2d 235 (Fla. 3d DCA 2002).
[21] Fla. Stat. §48.081(1).
[22] *Id.*
[23] Fla. Stat. §48.081(2).
[24] *Lisa S.A. v. Juan Luis Bosch Gutierrez,* 806 So. 2d 557, 559 (Fla. 3d DCA 2002).

SQUIRE, SANDERS & DEMPSEY L.L.P.

improper and must be quashed.[25]   Further, service on Usimo through delivery to a third-party

company was improper.   Indeed, even within a parent-subsidiary corporate structure, which is

not alleged here, such service is proper only when a plaintiff demonstrates "that a parent

corporation exercised such a degree of control over its subsidiary that the activities of the

subsidiary were in fact the activities of the parent."[26]   The Complaint contains no such

allegations because it cannot.   Moreover, because, as discussed above, the Complaint fails to

allege any basis for long-arm jurisdiction over MZ, doing business as Cool Card, service of

process on Cool Card is also void.[27]   Service on Usimo, MZ, and Cool Card must therefore be

quashed.

### C.   THIS COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION OVER THE THIRD COUNT

The third count of the Complaint purports to bring a claim under Section 10(b) of the

Securities and Exchange Act of 1934 ("1934 Act") and Rule 10b-5.   Although the Complaint

correctly identifies the jurisdiction section of the 1934 Act as Section 27 (15 U.S.C. 78aaa), it

erroneously concludes that this section supports the Court's exercise of jurisdiction over an

action under the 1934 Act.   (*See* Compl. ¶21).   Indeed, Section 27 states:

---

[25] *See id.* (service on receptionist at the registered agent's office improper); *Washing Capital Corp. v. Milandco, Ltd., Inc.,* 665 So. 2d 375, 375 (Fla. 4th DCA 1996) (service on secretary/receptionist of foreign corporation improper where foreign corporation was not authorized and did not transact business in Florida).

[26] *Volkswagenwerk Atkiengelselischaft v. McCurdy,* 340 So. 2d 544, 546 (Fla. 1st DCA 1976); *see also Aquila Steel Corp. v. Budd Fontana,* 585 So. 2d 426 (Fla. 3d DCA 1991).

[27] *See Mouzon v. Mouzon,* 458 So. 2d 381, 383 (Fla. 5th CA 1948); *also Wynn v. Aetna,* 400 So. 2d 144, 146 (Fla. 1st DCA 1981 (holding that "in order to plead a valid cause of action for the exercise of long arm jurisdiction [plaintiff] must first allege sufficient facts to fall within the actual language of §48.193, Fla. Stat."); *Electro Eng. Prods. Co. v. Lewis,* 352 So. 2d 862, 864 (Fla. 1977).

> The *district courts of the United States*…shall have *exclusive jurisdiction* of violations of this title or the rules and regulations thereunder…[28]

An action brought in a Florida state court under the 1934 Act is properly dismissed for lack of subject-matter jurisdiction.[29]  The third count must therefore be dismissed *with prejudice* because this Court does not have jurisdiction to hear it.

### D.   PLAINTIFF DOES NOT HAVE A PRIVATE RIGHT OF ACTION TO BRING THE CLAIMS ASSERTED IN THE SECOND, FOURTH, AND FIFTH COUNTS

The second count purports to bring a claim under Section 17(a) of The Securities Act of 1933 ("1933 Act").  The fourth and fifth counts seek relief under Section 206 of the Investment Advisers Act of 1940 ("1940 Act").  All these counts fail as neither Section 17(a) of the 1933 Act nor Section 206 of the 1940 Act create a private right of action.

The U.S. Supreme Court has clearly concluded that Section 206 creates federal fiduciary standards for investment advisers, but it does not create a private right of action.[30]  Similarly, although the Supreme Court has thus far remained silent about the existence of a private right of action under Section 17(a) of the 1933 Act thereby promulgating a split among the circuits, the Eleventh Circuit has specifically refused to read a private remedy into the statutory language of Section 17(a).[31]  Accordingly, Plaintiff cannot maintain actions under either statutory section and the second, fourth, and fifth counts should be dismissed *with prejudice.*

---

[28] 15 U.S.C.A. 78aaa (2009) (emphasis added).

[29] *Shearson Hayden Stone, Inc. v. Sader,* 365 So. 2d 187, 188 (Fla. 3d DCA 1978).

[30] *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 24, 100 S. Ct. 242, 246, 62 L. Ed. 146, 153 (1979) (holding that while the 1940 Act creates a limited private action under section 215, it "confers no other private cause of action, legal or equitable.").

[31] *See Currie v. Cayman Resources Corp.,* 835 F.2d 780,784-5 (11th Cir. 1988) ("We therefore hold that section 17(a) does not imply a private cause of action…"); *Harvey M. Jasper Retirement Trust v. Ivax Corp.,* 920 F. Supp. 1260, 1266 (S.D. Fla. 1995).

### E. THE SIXTH COUNT DOES NOT PLEAD A LEGALLY-COGNIZABLE CLAIM UNDER FLORIDA COMMON LAW

It is not readily apparent what claim Plaintiff purports to raise in the sixth count. Florida common law does not recognize a cause of action called "Claims Against Relief Defendants as Custodian of Investor Funds." A defendant should not have to guess at what the alleged wrong is and even worse, should not have to determine for the Plaintiff, the specific cause of action against which he, the defendant, must defend. The sixth count should therefore be dismissed for failure to state a legally-cognizable cause of action. Alternatively, Plaintiff should be required to provide a more definite statement or re-plead this count to state a proper cause of action.

### III. CONCLUSION.

This Court's exercise of personal jurisdiction over Usimo or the Issa Defendants would offend the Fourteenth Amendment's due process protections. Neither Usimo nor the Issa Defendants were properly served with process. The Complaint fails to establish that there are any contacts with the State and fails to allege any facts supporting an exercise of this Court's long-arm jurisdiction. Further, this Court does not have subject-matter jurisdiction to hear a claim under the 1934 Act and Plaintiff does not have a private remedy for any alleged violations of Section 17(a) of the 1933 Act or Section 206 of the 1940 Act. Finally, the Florida common law claim that Plaintiff attempts to plead in the sixth count is not sufficiently pled. Accordingly, the Court should dismiss the Complaint with prejudice against Usimo and the Issa Defendants.

WHEREFORE, Usimo and the Issa Defendants respectfully request that the Court enter an Order:

    i.  quashing service of process on them as improper;

    ii.  dismissing the Complaint against them with prejudice; and

    iii.  providing such further relief as the Court deems appropriate.

          Respectfully submitted,

          Squire, Sanders & Dempsey L.L.P.
          200 South Biscayne Boulevard, Suite 4100
          Miami, FL  33131
          Telephone:  +1.305.577.7000
          Facsimile:   +1.305.577.7001
          E-mail:  RVaughan@ssd.com
              CBRodriguez@ssd.com

      By:

       Robert C. L. Vaughan
       Florida Bar No. 130095
       Cristina B. Rodriguez
       Florida Bar No. 639982
       Javier A. Lopez
       Florida Bar No. 0016727

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail on this ___5th___ day of ___March___, 2010, to:

David P. Rowe, Esq.
Law Offices of David P. Rowe
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL  33301

*Attorney for Plaintiff Don Dowe*

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057632-CA-08

Don Dowe,

       Plaintiff,

vs.

Usimo International Corp., et al.,

       Defendants.

_____ /

## DECLARATION OF JOSEPH ISSA

I, Joseph Issa, declare as follows:

1.     The facts as set forth in this Declaration are true and correct and based upon my personal knowledge.

2.     I am a Jamaican citizen and reside in St. Mary, Jamaica.

3.     I do not own, use, possess, or hold a mortgage or any other lien or any real property in Florida.

4.     I do not have any personal or individual continuous and systematic contacts with Florida.

5.     I do not personally operate, conduct, engage in, or carry on a business or business venture in Florida.

6.     I have not knowingly committed a tort within the State of Florida.

SQUIRE, SANDERS & DEMPSEY L.L.P.

7.    I have neither personally nor individually entered into or breached any contracts in Florida by failing to perform acts required to be performed in Florida nor have I personally or individually entered into any contracts that require performance in Florida.

8.    I did not personally or individually process, service, or manufacture products, materials, or things that were used or consumed within Florida that caused injury to persons or property in Florida.

9.    I did not personally or individually, directly or indirectly, engage in service activities in Florida that caused an injury to persons or property in Florida.

10.    I did not personally or individually, directly or indirectly, solicit the payment of funds from investors in Overseas Locket International Corporation ("Olint"). Neither am I a principal or stakeholder of Olint.

11.    I never personally or individually advertised, promoted, or sold interests in Olint.

12.    I have taken no actions that I reasonably expect would subject me to the jurisdiction of the Florida courts.

13.    I received a copy of the Complaint in the above-styled action after it had been left with a receptionist at the offices of Cool Petroleum Ltd., which is not a sole proprietorship.

14.    I have not authorized nor appointed the individual who received a copy of the Complaint to be my agent for service of legal documents.  She is not my wife and I do not reside at the office where the document was delivered.

15.    The receptionist is not an officer or director of MZ Holdings Limited, Usimo International Corp., or Cool Card.  Nor is she authorized by any of them to receive service of legal documents.

### MZ Holdings Limited

16.    I am the founder and a principal of MZ Holdings Limited ("MZ").

17.    MZ is a limited-liability company created under the laws of Jamaica, which maintains its principal place of business in Ocho Rios, St. Ann, Jamaica.

18.    MZ maintains its corporate offices and headquarters in Jamaica.  It operates in Jamaica with approximately 270 employees and several retail service locations, all located within Jamaica.  MZ's main business is wholesale and retail sale of petroleum products in Jamaica.

19.    The corporate books and records of MZ are prepared and maintained in Jamaica.

20.    The meetings of MZ's board of directors are conducted in Jamaica.

21.    The day-to-day managerial and policy decisions, as well as the long-term managerial and policy decisions of MZ are made in Jamaica, not Florida.

22.    MZ does not have any offices in Florida and it is neither authorized nor does it transact any business in Florida.

23.    MZ does not own, use, possess, or hold a mortgage or any other lien or any real property in Florida.

24.    MZ has not entered into or breached any contracts in Florida by failing to perform acts required to be performed in Florida.

25.    MZ has not processed, serviced, or manufactured products, materials, or things that were used or consumed within Florida that caused injury to persons or property in Florida.

26.    MZ has not engaged in service activities in Florida that caused injury to persons or property in Florida.

27.    MZ does not have continuous or systematic contacts with Florida.

28.    MZ did not solicit the payment of funds from Olint investors.

29.    MZ never advertised, promoted, or sold interests in Olint.

30.    MZ did not receive payments within the State of Florida.

31.    All of the bank accounts MZ used in connection with its Olint vendor obligations were located in Jamaica.

32.    None of the bank accounts though which MZ conducted business was located in Florida.

33.    MZ took no action that would reasonably subject it to the jurisdiction of the Florida courts.

### Cool Card

34.    MZ sometimes does business under the name of Cool Card.  Cool Card, however, is not a separate, independent corporate entity.

35.    I am fully aware of MZ's business activities performed under the name of Cool Card.

36.    MZ, doing business as Cool Card, does not have any offices in Florida and it is neither authorized nor does it transact any business in Florida.

37.   MZ, doing business as Cool Card, does not own, use, possess, or hold a mortgage or any other lien or any real property in Florida.

38.   MZ, doing business as Cool Card, has not entered into or breached any contracts in Florida by failing to perform acts required to be performed in Florida.

39.   MZ, doing business as Cool Card, has not processed, serviced, or manufactured products, materials, or things that were used or consumed within Florida that caused injury to persons or property in Florida.

40.   MZ, doing business as Cool Card, has not engaged in service activities in Florida that caused injury to persons or property in Florida.

41.   MZ, doing business as Cool Card, does not have continuous or systematic contacts with Florida.

42.   MZ, doing business as Cool Card, did not solicit the payment of funds from Olint investors.

43.   MZ, doing business as Cool Card, never advertised, promoted, or sold interests in Olint.

44.   MZ, doing business as Cool Card, did not receive deposits or make payments within the State of Florida.

SQUIRE, SANDERS & DEMPSEY L.L.P.

45.    MZ, doing business as Cool Card, has taken no actions that would reasonably subject it to the jurisdiction of the Florida courts.

_____
Joseph Issa

PARISH OF ST. ANN
~~STATE OF FLORIDA~~          )
JAMAICA W.I.                         ) ss:
~~COUNTY OF MIAMI-DADE~~      )

**BEFORE ME**, the undersigned authority, personally appeared Joseph Issa, who is personally known to me, and who, having been duly sworn, deposes and says that he has read the foregoing and that the information contained therein is true and correct to the best of his knowledge and belief.

**SWORN TO AND SUBSCRIBED** before me this 2nd day of March, 2010.

_____
Notary Public
Name: Richard Donaldson
Commission or Serial No.:
My Commission Expires: my commission is for life



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO 09057623 

DON DOWE

    Plaintiffs

vs

USIMO, a Foreign Corporation
WACHOVIA BANK, a North Carolina Corporation
JOSEPH ISSA, a Foreign Resident
MZ HOLDINGS LIMITED, a Foreign Corporation
JARED MARTINEZ, a Florida Resident
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Foreign Resident
THE TURKS AND CAICOS ISLANDS FINANCIAL SERVICES
COMMISSION, a Foreign Government Regulatory Agency
OVERSEES LOCKET INTERNATIONAL CORPORATION,
A Foreign Corporation
MARKET TRADERS INSTITUTE INC., a Florida Corporation
I-TRADE FX, LLC, a Florida Corporation
HALLMARK BANK AND TRUST LTD., a Foreign Bank
MASTERCARD WORLDWIDE, a New York Corporation
COOL CARD, a Jamaican Corporation
BUTTERFIELD BANK, a Cayman Island Bank

    Defendants

---

## NOTICE OF FILING

Comes now Don Dowe Plaintiff through the undersigned Attorney and files this Individual Return of Service on **USIMO**. This treaty return has been sealed by Andre A.K. Earle, Notary Public for Jamaica, Commissioned For Life.

Respectfully Submitted,

David P. Rowe
Florida Bar No.: 373575
Law Offices of David P. Rowe
110 E. Broward Blvd.
Suite 1700
Fort Lauderdale, Fl.
(305) 731-0019

SERVED
Y.S.

**IN THE CIRCUIT COURT OF THE 17TH**
**JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA.**

**CIVIL DIVISION**

**CASE NO.**      0 9 0 5 7 6 2 3

**08**

DON: DOWE

    **Plaintiff,**

**vs**

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ,  a Florida Resident,
ISAAC MARTINEZ, a Florida Resident,
DAVID SMITH, a Foreign Resident,
OVERSEES LOCKET INTERNATIONAL CORPORATION,
A Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
A Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
A Foreign Corporation,
MASTERCARD WORLDWIDE, a New York Corporation,
COOL CARD, A Jamaican Corporation,
TURKS & CAICOS ISALNDS FSC
BUTTERFIELD BANK, A Cayman Islands Bank

    **Defendants**

*Delieved by Sutherland at 4:27pm*
*06.01.10 Agent of Court*
*Rockfort E.Kgn.*
*J. W. I*
*To Usino% Joseph Issa*

SUMMONS:  CORPORATE SERVICE ON AN INDIVIDUAL

*Delivered by Sutherland 4:27pm 06 9/10*

*Sutherland Witness to the signature of V. Sutherland*

*15/1/10*




ANDRÉ A. K. EARLE
NOTARY PUBLIC
COMMISSIONED FOR LIF

## THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:-

**USIMO c/o** Joseph Issa, Rockfort, Kingston, Jamaica.

Each defendant is requires to serve written defenses to the complaint on Plaintiff's Attorney: **DAVID P. ROWE,** whose address is **110 EAST BROWARD BOULEVARD, SUITE 1700, FORT LAUDERDALE , FLORIDA, 33301:** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

(SEAL)    HOWARD C. FORMAN

**CLERK OF THE COURTS**



BY                                                          DATE:   OCT 2 2 2009

# AMERICANS WITH DISABILITIES ACT OF 1990

In accordance with the Americans with disabilities Act of 1990, persons needing a special

accommodation to participate in this proceeding should contact the court ADA

coordinator/Ellis D. Pettigrew,  no later than 7 days prior to the proceedings at

**(954) 831-6364**



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO  09057623 

DON DOWE

     Plaintiffs

vs

USIMO, a Foreign Corporation
WACHOVIA BANK, a North Carolina Corporation
JOSEPH ISSA, a Foreign Resident
MZ HOLDINGS LIMITED, a Foreign Corporation
JARED MARTINEZ, a Florida Resident
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Foreign Resident
THE TURKS AND CAICOS ISLANDS FINANCIAL SERVICES
COMMISSION, a Foreign Government Regulatory Agency
OVERSEES LOCKET INTERNATIONAL CORPORATION,
A Foreign Corporation
MARKET TRADERS INSTITUTE INC., a Florida Corporation
I-TRADE FX, LLC, a Florida Corporation
HALLMARK BANK AND TRUST LTD., a Foreign Bank
MASTERCARD WORLDWIDE, a New York Corporation
COOL CARD, a Jamaican Corporation
BUTTERFIELD BANK, a Cayman Island Bank

    Defendants

NOTICE OF FILING

Comes now Don Dowe Plaintiff through the undersigned Attorney and files this Corporate Return of Service on MZ HOLDINGS. This return has been sealed by Andre A.K. Earle, Notary Public for Jamaica, Commissioned For Life.

Respectfully Submitted,

David P. Rowe
Florida Bar No.: 373575
Law Offices of David P. Rowe
110 E. Broward Blvd.
Suite 1700
Fort Lauderdale, Fl.
(305) 731-0019

SERVED

VS

**IN THE CIRCUIT COURT OF THE 17ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.**

**CIVIL DIVISION**

**CASE NO.**

**DONE DOWE**

    **Plaintiff,**

**vs**

**USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED**
**JARED MARTINEZ, a Florida Resident,**
**ISAAC MARTINEZ, a Florida Resident,**
**DAVID SMITH, a Foreign Resident,**
**OVERSEES LOCKET INTERNATIONAL CORPORATION,**
**A Foreign Corporation,**
**MARKET TRADERS INSTITUTE INC.,**
**A Foreign Corporation,**
**I-TRADE FX, LLC,**
**HALLMARK BANK AND TRUST LTD.,**
**A Foreign Corporation,**
**MASTERCARD WORLDWIDE, a New York Corporation,**
**COOL CARD, A Jamaican Corporation,**
**TURKS & CAICOS ISALNDS FSC**
**BUTTERFIELD BANK, A Cayman Islands Bank**

    **Defendants**

_(handwritten:)_ Relieved by Sutherland
06·10·10  4:27 pm
agent of Court
Rockford Eckson Sol. I
To MZ Holdings Limited.

VS
Sutherland
Dawkins w/s/60
PRedden JP

√ Sutherland
Witness to the
signature of
V. Sutherland
Earle
15/1/10

ANDRE A. K. EARLE
NOTARY PUBLIC
COMMISSIONED FOR LIFE

SUMMONS:  CORPORATE SERVICE ON AN INDIVIDUAL





## THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition

in this action on defendant:-

### **MZ Holdings Limited, c/o Joseph Issa, Rockfort Kingston Jamaica**

Each defendant is requires to serve written defenses to the complaint on Plaintiff's

Attorney: **DAVID P. ROWE,**  whose address is **110 EAST BROWARD**

**BOULEVARD, SUITE 1700, FORT LAUDERDALE , FLORIDA, 33301:**  within 20

days after service of this summons on that defendant, exclusive of the day of service, and

to file the original of the defenses with the Clerk of this Court either before service of

Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will

be entered against that defendant for the relief demanded in the complaint or petition.

(SEAL)

**CLERK OF THE COURTS**

BY:                                                          DATE:

## AMERICANS WITH DISABILITIES ACT OF 1990

In accordance with the Americans with disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the court ADA coordinator/Ellis D. Pettigrew,  no later than 7 days prior to the proceedings at **(954) 831-6364**

*NASLA THOMAS*

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

      Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

      Defendants.

_____/

**VERIFIED MOTION OF JOSEPH B. TOMPKINS, JR.**
**FOR ADMISSION TO APPEAR *PRO HAC VICE* PURSUANT**
**TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510**

    Comes now Joseph B. Tompkins, Jr., Movant herein, and respectfully represents the

following:

    1.    Movant resides at 8146 Wellington Road, Alexandria, VA 22308.  His telephone

number is (703) 768-5763.  He is not a resident of the State of Florida.

-1-

RICHMAN GREER, P.A.
Miami • West Palm Beach

CASE NO. 09-44901 CA 13

2.      Movant is an attorney and a member of the law firm of Sidley Austin LLP, with offices at 1501 K Street, N.W., Washington, D.C. 20005, (202) 736-8000.

3.      Movant has been retained as an attorney with the above named law firm on January 19, 2010, by Defendant Turks and  Caicos Islands FSC herein to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.      Movant is an active member in good standing of the District of Columbia and Virginia Bars.  Movant's District of Columbia Bar Number is 225086.  His Virginia Bar Number is 15302.  He is also admitted to practice in a number of federal courts, including the U.S. Supreme Court, U.S. District Court, District of Columbia and U.S. District Court, E.D. of Virginia.

5.      There are no disciplinary proceedings pending against Movant.

6.      Within the past five (5) years, Movant has not been subject to any disciplinary proceedings.

7.      Movant has never been subject to any suspension proceedings.

8.      Movant has never been subject to any disbarment proceedings.

9.      Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

10.     Movant is not an inactive member of The Florida Bar.

11.     Movant is not now and has never been a member of The Florida Bar.

12.     Movant is not a suspended member of The Florida Bar.

13.     Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

CASE NO. 09-44901 CA 13

14.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

15.     Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matter(s): *Southern Health Network, Inc. v. Turks and Caicos Islands*, pending before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and bearing case number 09-44901 CA 13.

16.     Local counsel of record associated with Movant in this matter is Alan G. Greer, Florida Bar No. 0123294, who is an active member in good standing of the Florida Bar and has offices at 201 S. Biscayne Boulevard, Suite 1000, Miami, Florida 33131, (305) 373-4000.

17.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18.     Movant agrees to comply with the provisions of the Florida Rule of Professional conduct and consents to the jurisdiction of the Courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this Court for this cause only.

DATED this 12th day of February 2010.

_____
Joseph B. Tompkins, Jr.
Movant

CITY OF WASHINGTON

DISTRICT OF COLUMBIA

I, Joseph B. Tompkins, Jr., do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
Joseph B. Tompkins, Jr.
Movant

The foregoing instrument was acknowledged before me this _12th_ day of _February_, 2010 by Joseph B. Tompkins, Jr. who is personally known to me or who has produced _____ as identification and who did take an oath.

_18th_ day of _February_ 2010.

_____
Notary Public (signature)
PATRICIA H. NORTH
Notary Public (printed or typed name)

Commission Number: _____
My commission expires: April 30, 2011

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this _19th_ day of February 2010.

_____
Alan G. Greer – Local counsel of record
Florida Bar No.: 0123294

CASE NO. 09-44901 CA 13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was furnished by U.S. Mail on this _19th_ day of February 2010 to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar. I further certify that a true and correct copy of this motion was served via U.S. mail and facsimile on this _19th_ day of February 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

**ATTORNEYS FOR DEFENDANT
TURKS AND CAICOS ISLANDS FSC**

OF COUNSEL

Joseph B. Tompkins, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and

RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

By:  _____
Alan G. Greer
Florida Bar No.: 0123294



IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

     Defendants.

_____/

## ORDER

THIS CAUSE came before the Court on the Verified Motion of Guy S. Neal for Admission

to Appear Pro Hac Vice on behalf of Defendant Turks and Caicos Islands FSC in the above styled

cause.  The Court having considered the motion and the consent of local counsel for Defendant

Turks and Caicos Islands FSC, rules as follows:

The Verified Motion of Guy S. Neal for Admission to Appear Pro Hac Vice on behalf of

CASE NO. 09-057623

Defendant Turks and Caicos Islands FSC is hereby GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, Miami-Dade County, this

_____ day of February 2010.

_____

CIRCUIT COURT JUDGE

Copies furnished to all counsel of record

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

     Defendants.

_____/

## ORDER

THIS CAUSE came before the Court on the Verified Motion of Guy S. Neal for Admission to Appear Pro Hac Vice on behalf of Defendant Turks and Caicos Islands FSC in the above styled cause. The Court having considered the motion and the consent of local counsel for Defendant Turks and Caicos Islands FSC, rules as follows:

The Verified Motion of Guy S. Neal for Admission to Appear Pro Hac Vice on behalf of

CASE NO. 09-057623

Defendant Turks and Caicos Islands FSC is hereby GRANTED.

     DONE AND ORDERED in Chambers at Miami, Florida, Miami-Dade County, this

_____ day of February 2010.

DALE ROSS

_____  FEB 2 2 2010
CIRCUIT COURT JUDGE

A TRUE COPY

Copies furnished to all counsel of record

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

      Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

      Defendants.

_____/

## VERIFIED MOTION OF JOSEPH B. TOMPKINS, JR.
## FOR ADMISSION TO APPEAR *PRO HAC VICE* PURSUANT
## TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

      Comes now Joseph B. Tompkins, Jr., Movant herein, and respectfully represents the

following:

      1.     Movant resides at 8146 Wellington Road, Alexandria, VA 22308.  His telephone

number is (703) 768-5763.  He is not a resident of the State of Florida.

RICHMAN GREER, P.A.
Miami • West Palm Beach

CASE NO. 09-44901 CA 13

2. Movant is an attorney and a member of the law firm of Sidley Austin LLP, with offices at 1501 K Street, N.W., Washington, D.C. 20005, (202) 736-8000.

3. Movant has been retained as an attorney with the above named law firm on January 19, 2010, by Defendant Turks and Caicos Islands FSC herein to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4. Movant is an active member in good standing of the District of Columbia and Virginia Bars. Movant's District of Columbia Bar Number is 225086. His Virginia Bar Number is 15302. He is also admitted to practice in a number of federal courts, including the U.S. Supreme Court, U.S. District Court, District of Columbia and U.S. District Court, E.D. of Virginia.

5. There are no disciplinary proceedings pending against Movant.

6. Within the past five (5) years, Movant has not been subject to any disciplinary proceedings.

7. Movant has never been subject to any suspension proceedings.

8. Movant has never been subject to any disbarment proceedings.

9. Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

10. Movant is not an inactive member of The Florida Bar.

11. Movant is not now and has never been a member of The Florida Bar.

12. Movant is not a suspended member of The Florida Bar.

13. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

CASE NO. 09-44901 CA 13

14.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

15.     Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matter(s): *Southern Health Network, Inc. v. Turks and Caicos Islands*, pending before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and bearing case number 09-44901 CA 13.

16.     Local counsel of record associated with Movant in this matter is Alan G. Greer, Florida Bar No. 0123294, who is an active member in good standing of the Florida Bar and has offices at 201 S. Biscayne Boulevard, Suite 1000, Miami, Florida 33131, (305) 373-4000.

17.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18.     Movant agrees to comply with the provisions of the Florida Rule of Professional conduct and consents to the jurisdiction of the Courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this Court for this cause only.

DATED this _12th_ day of February 2010.

_____
Joseph B. Tompkins, Jr.
Movant

CASE NO. 09-44901 CA 13

CITY OF WASHINGTON

DISTRICT OF COLUMBIA

I, Joseph B. Tompkins, Jr., do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
Joseph B. Tompkins, Jr.
Movant

The foregoing instrument was acknowledged before me this _12th_ day of _February_, 2010 by Joseph B. Tompkins, Jr. who is personally known to me or who has produced _____ as identification and who did take an oath.

_10th_ day of _February_ 2010.

_____
Notary Public (signature)
PATRIC A H. NORTH
Notary Public (printed or typed name)

Commission Number: _____
My commission expires: _April 30, 2011_

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this _19th_ day of February 2010.

_____
Alan G. Greer – Local counsel of record
Florida Bar No.: 0123294

-4-
RICHMAN GREER, P.A.
Miami • West Palm Beach

CASE NO. 09-44901 CA 13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was furnished by U.S. Mail on this _19th_ day of February 2010 to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar. I further certify that a true and correct copy of this motion was served via U.S. mail and facsimile on this _19th_ day of February 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

<div style="margin-left:40%">

**ATTORNEYS FOR DEFENDANT
TURKS AND CAICOS ISLANDS FSC**

OF COUNSEL

Joseph B. Tompkins, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and

RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

By: _____
Alan G. Greer
Florida Bar No.: 0123294

</div>

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

       Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

       Defendants.

_____/

## VERIFIED MOTION FOR ADMISSION OF GUY S. NEAL TO APPEAR *PRO HAC VICE* PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now Guy S. Neal, Movant herein and respectfully represents the following:

1.    Movant resides at 5927 Wilton Road, Alexandria, VA 22310. His telephone number is (703) 960-4465. He is not a resident of the State of Florida.

2.    Movant is an attorney and a member of the law firm of Sidley Austin LLP, with

offices at 1501 K Street, N.W., Washington, D.C. 20005, (202) 736-8000.

3.     Movant has been retained as an attorney with the above named law firm on January 19, 2010 by Defendant Turks and Caicos Islands FSC herein to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.     Movant is an active member in good standing of the District of Columbia, Maryland and Virginia Bars.   Movant's District of Columbia Bar Number is 441748. His Virginia Bar Number is 36007.  Maryland does not issue bar numbers.  He is also admitted to practice in the U.S. Supreme Court.

5.     There are no disciplinary proceedings pending against Movant.

6.     Within the past five (5) years, Movant has not been subject to any disciplinary proceedings.

7.     Movant has never been subject to any suspension proceedings.

8.     Movant has never been subject to any disbarment proceedings.

9.     Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

10.     Movant is not an inactive member of The Florida Bar.

11.     Movant is not now and has never been a member of The Florida Bar.

12.     Movant is not a suspended member of The Florida Bar.

13.     Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

CASE NO. 09-057623

14.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

15.     Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matter(s): *Southern Health Network, Inc. v. Turks and Caicos Islands*, pending before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and bearing case number 09-44901 CA 13.

16.     Local counsel of record associated with Movant in this matter is Alan G. Greer, Florida Bar No. 0123294, who is an active member in good standing of the Florida Bar and has offices at 201 S. Biscayne Boulevard, Suite 1000, Miami, Florida 33131, (305) 373-4000.

17.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18.     Movant agrees to comply with the provisions of the Florida Rule of Professional conduct and consents to the jurisdiction of the Courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this Court for this cause only.

DATED this _12_ day of February 2010.

_____
Guy S. Neal
Movant

**RICHMAN GREER, P.A.**
Miami • West Palm Beach

CASE NO. 09-057623

CITY OF WASHINGTON

DISTRICT OF COLUMBIA

I, Guy S. Neal, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
Guy S. Neal
Movant

The foregoing instrument was acknowledged before me this _12th_ day of _February_, 2010 by Guy S. Neal who is personally known to me or who has produced _____ as identification and who did take an oath.

_12th_ day of _February_ 2010.

_____
Notary Public (signature)
_PATRICIA H. NORTH_
Notary Public (printed or typed name)

Commission Number: _____
My commission expires: _April 30, 2011_

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this _19th_ day of February 2010.

_____
Alan G. Greer – Local counsel of record
Florida Bar No.: 0123294

CASE NO. 09-057623

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was furnished by U.S. Mail on this _19th_ day of February 2010 to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar.  I further certify that a true and correct copy of this motion was served via U.S. mail and facsimile on this _19th_ day of February 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

**ATTORNEYS FOR DEFENDANT
TURKS AND CAICOS ISLANDS FSC**

OF COUNSEL

Joseph B. Tompkins, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and

RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

By: _Alan G. Greer_

Alan G. Greer
Florida Bar No.: 0123294