NAJLA THOMAS

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

     Defendants.

_____/

2010 FEB 19  PM 3: 35
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL

## VERIFIED MOTION FOR ADMISSION OF GUY S. NEAL TO APPEAR *PRO HAC VICE* PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

     Comes now Guy S. Neal, Movant herein and respectfully represents the following:

     1.     Movant resides at 5927 Wilton Road, Alexandria, VA 22310. His telephone number is (703) 960-4465. He is not a resident of the State of Florida.

     2.     Movant is an attorney and a member of the law firm of Sidley Austin LLP, with

offices at 1501 K Street, N.W., Washington, D.C. 20005, (202) 736-8000.

3.    Movant has been retained as an attorney with the above named law firm on January 19, 2010 by Defendant Turks and Caicos Islands FSC herein to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.    Movant is an active member in good standing of the District of Columbia, Maryland and Virginia Bars.   Movant's District of Columbia Bar Number is 441748. His Virginia Bar Number is 36007.  Maryland does not issue bar numbers.  He is also admitted to practice in the U.S. Supreme Court.

5.    There are no disciplinary proceedings pending against Movant.

6.    Within the past five (5) years, Movant has not been subject to any disciplinary proceedings.

7.    Movant has never been subject to any suspension proceedings.

8.    Movant has never been subject to any disbarment proceedings.

9.    Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

10.   Movant is not an inactive member of The Florida Bar.

11.   Movant is not now and has never been a member of The Florida Bar.

12.   Movant is not a suspended member of The Florida Bar.

13.   Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

CASE NO. 09-057623

14.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

15.     Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matter(s): *Southern Health Network, Inc. v. Turks and Caicos Islands*, pending before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and bearing case number 09-44901 CA 13.

16.     Local counsel of record associated with Movant in this matter is Alan G. Greer, Florida Bar No. 0123294, who is an active member in good standing of the Florida Bar and has offices at 201 S. Biscayne Boulevard, Suite 1000, Miami, Florida 33131, (305) 373-4000.

17.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18.     Movant agrees to comply with the provisions of the Florida Rule of Professional conduct and consents to the jurisdiction of the Courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this Court for this cause only.

DATED this _12_ day of February 2010.

                                                    _____
                                                    Guy S. Neal
                                                    Movant

CASE NO. 09-057623

CITY OF WASHINGTON

DISTRICT OF COLUMBIA

I, Guy S. Neal, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

Guy S. Neal
Movant

The foregoing instrument was acknowledged before me this _12th_ day of _February_, 2010 by Guy S. Neal who is personally known to me or who has produced _____ as identification and who did take an oath.

_12th_ day of _February_ 2010

Notary Public (signature)

PATRICIA H. NORTH
Notary Public (printed or typed name)

Commission Number: _____
My commission expires: _April 30, 2011_

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this _19th_ day of February 2010.

Alan G. Greer – Local counsel of record
Florida Bar No.: 0123294

-4-

CASE NO. 09-057623

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was furnished by U.S. Mail on this _19th_ day of February 2010 to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar. I further certify that a true and correct copy of this motion was served via U.S. mail and facsimile on this _19th_ day of February 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

ATTORNEYS FOR DEFENDANT
TURKS AND CAICOS ISLANDS FSC

OF COUNSEL

Joseph B. Tompkins, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and

RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

By: _____
Alan G. Greer
Florida Bar No.: 0123294



IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623 (08)

DON DOWE,
a Florida resident

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

     Defendants.

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Don Dowe has brought this action against, among others, the Turks and Caicos

Islands Financial Services Commission (the "TCFSC"), an agency of the Government of the

Turks and Caicos Islands.  Plaintiff alleges violations of the Securities Act of 1933 (the

"Securities Act"), the Securities Exchange Act of 1934 (the "Exchange Act"), and the Investment

Advisers Act of 1940 (the "Advisers Act"), as well as a claim for unjust enrichment.  The

CASE NO. 09-057623 (08)

TCFSC, however, is only named in the caption of the First Claim, along with other defendants, and there are no specific allegations against the TCFSC in any of the Claims. Accordingly, Defendant TCFSC respectfully submits that the Complaint should be dismissed for failure to state a cause of action and for lack of personal and subject matter jurisdiction. Fla. R. Civ. P. 1.140(b)(2) & (6).

### Facts

Plaintiff is a resident of Broward County, Florida. Compl. at ¶ 1. He alleges nothing about the identity of Defendant TCFSC—or what role the TCFSC allegedly played in the underlying facts of this case. Defendant TCFSC is an "independent statutory body tasked with the supervision of the financial services sector" and is "responsible to the Government of the Turks and Caicos Islands[.]" See Turks & Caicos Islands Financial Services Commission: The Commission, http://www.tcifsc.tc/The%20Commission1.html. With respect to the other defendants, Plaintiff alleges that defendant David Smith was the head of the Overseas Locket International Corporation (OLINT), which was initially located in Jamaica and then moved to the Turks and Caicos Islands. Smith allegedly convinced people, including Plaintiff, to invest in foreign currency exchange trading through OLINT. Compl. at ¶ 26. Ultimately, however, Plaintiff says that this was a Ponzi scheme, resulting in Smith's arrest by the Royal TCI Police Financial Crimes Unit. Compl. at ¶¶ 25, 28.

Plaintiff alleges that Smith conspired with defendants Jared Martinez and Isaac Martinez, who purported to provide educational materials on foreign currency trading. Compl. at ¶¶ 29-30, 32. For reasons Plaintiff does not articulate, Smith allegedly funneled money to his co-conspirators through a Florida corporation, JIJ Investments, and Wachovia Bank. Compl. at ¶¶ 27, 34.

Over the course of this alleged conspiracy, Smith allegedly wired Plaintiff's money to Jared and Isaac Martinez.   This was allegedly done without his knowledge or permission. Compl. at ¶ 39.   Plaintiff alleges that the defendants have refused to return his money and have instead absconded with it with intent to "hinder, delay, or defraud the Plaintiff in his efforts to recover his funds." Compl. at ¶ 41.

Again, the Complaint offers *no* indication as to how the TCFSC participated in this scheme.

### Standard of Review

FLA. R. CIV. P. 1.140(b) provides that the defenses of failure to state a claim, lack of jurisdiction over the subject matter, and lack of jurisdiction over the person can be made by motion at the option of the pleader.   See FLA. R. CIV. P. 1.140(b)(1), (2), & (3).   The motion must, "specifically and with particularity," contain the "grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued." FLA. R. CIV. P. 1.140(b).   In evaluating a motion to dismiss, the court "must look only within the four corners of the complaint, accept the plaintiff's allegations as true, and resolve all inferences in the plaintiff's favor." Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County, 779 So. 2d 380, 384 (Fla. 2d DCA 2000).

### Argument

This Court should dismiss the Complaint against Defendant TCFSC.   First, having only mentioned Defendant TCFSC twice, in passing, Plaintiff has failed to state a cause of action against the TCFSC.   The Complaint is so barren of facts relating to Defendant TCFSC that one cannot even say with any certainty which claims are lodged against the TCFSC.   And the law does not provide private rights of action for four of Plaintiff's purported claims.   Second,

CASE NO. 09-057623 (08)

Plaintiff has clearly failed to establish this court's jurisdiction—both personal and subject matter. See FLA. R. CIV. P. 1.110(b)(1) &(2).   The Exchange Act gives federal courts exclusive jurisdiction over claims brought under the Act and, according to Florida courts, other claims which are predicated on a violation of the Act.   Here, Plaintiff asserts a fraud claim under the 1934 Act and four other inseparable fraud claims.   Furthermore, Plaintiff has not alleged any factual basis for this Court's exercise of jurisdiction over Defendant TCFSC, a regulatory agency of a foreign government.

## I.      Plaintiff has failed to state a cause of action against the TCFSC

### A.      Plaintiff has failed to plead adequate facts to support any of his claims.

A complaint should be dismissed for failure to state a cause of action when the Plaintiff fails to plead the "ultimate facts showing that the pleader is entitled to relief." FLA. R. CIV. P. 1.110(b)(2); see also MEBA Medical & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. Dist. Ct. App. 2004).   Plaintiff Dowe has pled no such facts here with respect to the TCFSC.

In particular, Plaintiff has not pled the specific facts necessary to support his four claims of fraud.   See Compl. at ¶¶ 49-60 (articulating claims 2 through 5).   The Florida Rules of Civil Procedure specifically require heightened pleading specificity for fraud claims. FLA. R. CIV. P. 1.120(b).   Here, Plaintiff has not just failed to plead the required specific facts to support his fraud claim.   He has pled *no* facts to support his claims against Defendant TCFSC.   Outside of its caption, the Complaint mentions the TCFSC just twice.   In the section of the Complaint dedicated to describing Plaintiff's causes of action, he merely lists the TCFSC as a defendant without further explanation. Compl. at ¶ 46.   Then, in the "Damages" section of the Complaint, Plaintiff offers a single-sentence legal conclusion: "Turks and Caicos FSC have illegally promoted the sale of these securities in the United States."   Compl. at ¶ 62.   This conclusory

statement is clearly not legally sufficient to state a claim against the TCFSC. See C.C. "Doc" Dockery v. Florida Democratic Party, 719 So.2d 9, 10 (Fla. Dist. Ct. App. 1998).

As for the remaining claims, Plaintiff has failed to meet the basic pleading requirements even for stating a non-fraud cause of action. It is true that, for such claims, a complaint need not present a detailed factual narrative "designed to plead a litigant to victory." Ranger Constr. Indus., Inc., v. Martin Co. of Dayton, Inc., 881 So.2d 677, 681 (Fla. Dist. Ct. App. 2004). Yet Plaintiff must still give the defendant notice of the "essential facts upon which the claim for relief rests[.]" Id. For these causes of action, as with all of the others, the Complaint offers no indication as to what role Defendant TCFSC allegedly played in the underlying facts. The Complaint is so devoid of facts relating to Defendant TCFSC that one cannot even say with any certainty which claims are lodged against the TCFSC. Under these circumstances, the Complaint plainly must be dismissed with respect to the TCFSC.

**B.    Private rights of action do not exist for four of Plaintiff's claims.**

Even if Plaintiff had attempted to plead some facts to support his six purported causes of action, he simply cannot, as a matter of law, state a claim for four of them. Private rights of action do not exist behind the first, second, fourth, or fifth claims in the Complaint. For the first claim, Plaintiff asserts a cause of action under Sections 5(a) and 5(c) of the Securities Act of 1933 for defendants' alleged failure to file a registration statement prior to the sale of securities. Compl. at ¶¶ 46-48. Yet no such private right of action exists unless Defendant TCFSC sells securities—an allegation Plaintiff has not made, and cannot make, with respect to the TCFSC. See Foresburg v. Always Consulting, No. 06-CV-13488, 2008 WL 5449003, *2 (S.D.N.Y. Dec. 31, 2008) (holding no private right of action under 5(a) or 5(c) exists unless the claim could be considered one under Section 12 of the Securities Act, which can only be asserted against one

who "offers or sells a security," 15 U.S.C. § 771).   Regarding the second claim, a securities fraud claim under Section 17(a) of the Securities Act of 1933, "Courts of Appeal . . . have uniformly concluded that there is no private right of action [under § 17(a) of the 1933 Act]." Finkel v. Stratton Corp., 962 F.2d 169, 175 (2d Cir. 1992).  And with respect to the fourth and fifth claims under Section 206 of the Investment Advisers Act, the U.S. Supreme Court has specifically held that a private cause of action does not exist.  Transamerica Mortgage Advisors, Inc., 444 U.S. 11, 19-24 (1979).  More specifically, the SEC has announced that Rule 206(4)-8, promulgated under the Advisers Act and the basis for Plaintiff's fifth claim, "does not create a private cause of action."   Prohibition on Fraud by Advisers to Certain Pooled Investment Vehicles, Advisers Act Release No. 2628 (SEC Aug. 3, 2008), at 14.  Without a private right of action, Plaintiff cannot state a claim for these four allegations.

**II.     Plaintiff has failed to establish this Court's jurisdiction.**

The Complaint should also be dismissed because this Court lacks jurisdiction.  Not only does the Securities Exchange Act of 1934 preclude any state court claims of the type alleged by Plaintiff, but Plaintiff has also failed to allege a basis for jurisdiction over the TCSFC in his Compliant.

**A.     Federal courts have exclusive jurisdiction over almost all of Plaintiff's claims.**

Federal courts have exclusive jurisdiction over claims arising under the Exchange Act of 1934.  15 U.S.C. 78aa. As Florida courts have held, federal courts also have exclusive jurisdiction over all causes of action "predicated on violations . . . [of] the Securities Exchange Act of 1934."  Shearson Haydon Stone, Inc. v. Sather, 365 So.2d 187, 188 (Fla. Dist. Ct. App. 1979); see also Cmty Nat'l Bank & Trust Co. v. Vigman, 330 So.2d 211, 215-216 (Fla. 1976).  In other words, state courts cannot hear claims that stem from the "same factual situation" as would

CASE NO. 09-057623 (08)

support a claim under the Exchange Act—even if the Complaint does not expressly state a claim under that Act. See Shearson, 365 So.2d at 145 (dismissing, for lack of jurisdiction, an amended complaint alleging the "same factual situation" as in the original Exchange Act complaint while noting that "the failure of the complaint to refer [to the Exchange Act]" did not matter.)

As a result, this Court lacks jurisdiction over at least five of Plaintiff's six claims. Claim three is a naked claim under Section 10(b) of the Exchange Act of 1934—asserting that the defendants engaged in deceitful conduct in connection with the sale of securities. Compl. at ¶¶ 53-56. And claims two, four, five, and six are all inseparable from that claim. Each alleges "fraud" in connection with defendants' alleged currency trading Ponzi scheme. See Compl. at ¶ 49 ("engaged in transactions . . . which would operate as a fraud or deceit"), ¶ 57 ("to engage in transactions . . . which operated as a fraud"), ¶ 59 ("engaged in acts . . . which were fraudulent"), ¶ 61 (asserting it would not be "just, equitable or conscionable for [defendants] to retain the funds and property" in light of the allegations of fraud in ¶¶ 1-53). Federal courts have exclusive jurisdiction over this 10(b) fraud claim and all of the other related claims in the Complaint. See Kahler v. Hutton & Co., 558 So.2d 144, 145 (Fla. Dist. Ct. App. 1990).

**B.     Plaintiff has failed to allege jurisdiction over Defendant TCFSC could not do so.**

Apart from the fact that the Exchange Act deprives this Court of jurisdiction over Plaintiff's Claims, Plaintiff has simply failed his obligation under FLA. R. CIV. P. 1.110(b)(1) to establish this Court's jurisdiction over the person and subject matter of this case. That rule provides that Plaintiff must offer "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" Id.

While Plaintiff has alleged grounds for personal jurisdiction over the other defendants, the Complaint fails to allege *any* basis for personal jurisdiction over the TCFSC See Compl. at

CASE NO. 09-057623 (08)

¶¶ 1-24.  In other words, Plaintiff has not even begun to explain either how this foreign governmental agency falls within Florida's long arm statute or how it has the necessary "minimum contacts" with this forum to satisfy the requirements of due process.  See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989).

Moreover, it is clear that Plaintiff could not establish personal jurisdiction even if he tried.   To establish personal jurisdiction, Plaintiff would ultimately need to satisfy the requirement of the federal due process clause.  The due process clause only permits a court to assert personal jurisdiction over a defendant with "minimum contacts" in the forum state.  4 Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure, § 1067.1 (3d ed. 2002). In other words, the Court must find that Defendant TCFSC should "reasonably anticipate[] being haled into court" in Florida.  Camp Illahee Investors v. Blackman, 870 So.2d 80, 85 (Fla. Dist. Ct. App. 2003).  Here, Defendant TCFSC is a statutorily created agency of a foreign government. See Turks and Caicos Islands Financial Services Commission, Annual Report 2009, 1 (2009) http://www.tcifsc.tc/FSC%20Annual%20Report/FSC%20Annual%20Report%202008%   20-%202009.pdf.   It has three primary responsibilities: "Administering the Financial Service Ordinance; Supervising the conduct of financial services businesses[;] and Monitoring the financial services business carried on, and their development in[,] the Turks and Caicos Islands[.]"  See id.  It does not, in any sense, "maintain an office, mailing address, or telephone listing in Florida and did not solicit business from any Florida resident," and could not reasonably expect to be haled into court in this state.  Rafal v. Mesick, 661 So.2d 79, 81 (Fla. Dist. Ct. App. 1995); See generally Turks and Caicos Islands Financial Serivces Commission, supra.

Nor can Plaintiff established subject matter jurisdiction over the claims against the TCFSC.  Under the U.S. Foreign Sovereign Immunities Act, foreign governments are entitled to

immunity from subject matter jurisdiction in American courts unless a plaintiff establishes an exception under the Act. 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3662 (3d ed. 1998) (providing, at 169, that the FSIA is the "sole basis" for obtaining subject matter jurisdiction over a foreign state and, at 171, a plaintiff must allege that jurisdiction exists on the basis of one of the Act's specified exceptions). This includes the instrumentalities of foreign states—organs of the state which are not "citizens" of the United States or created under the laws of a third country. 28 U.S.C. § 1603(a) & (b). The TCFSC is just such an instrumentality. It is a statutorily created regulatory agency of the Turks and Caicos Islands. See Turks and Caicos Islands Financial Serivces Commission, supra; see also Turks & Caicos Islands Financial Services Commission: The Commission, supra. Plaintiff has failed to establish any exception to the Foreign Sovereign Immunities Act which would permit subject matter jurisdiction, and, on this ground alone, the Complaint must be dismissed with respect to the TCFSC.

## Conclusion

For the foregoing reasons, Defendant TCFSC's Motion to Dismiss for failure to state a cause of action and for lack of personal and subject matter jurisdiction should be granted and the Complaint dismissed against Defendant TCFSC in its entirety.

WHEREFORE, Defendant TCFSC, respectfully requests that this Court enter an Order dismissing the Complaint with prejudice for lack of jurisdiction and failure to state a cause of action, and granting such further relief as this Court deems just and proper.

CASE NO. 09-057623 (08)

Respectfully submitted,

Joseph B. Tompkins, Jr.
*Pro Hac Vice Pending*
Guy S. Neal
*Pro Hac Vice Pending*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and     RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant*

By: _____
Alan G. Greer
Florida Bar No.: 0123294
Melissa Fernandez-Stiers
Florida Bar No.: 665851

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was served via U.S. mail and facsimile on this ___9th___ day of February 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

By: _____
Alan G. Greer
Melissa Fernandez-Stiers

-10-



IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623 (08)

DON DOWE,
a Florida resident

      Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

      Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant Turks and Caicos Financial Services Commission (the "TCFSC"), an agency

of the Government of the Turks and Caicos Islands, by and through its undersigned counsel,

hereby respectfully moves the Court for an order dismissing the Complaint pursuant to FLA. R.

CIV. P. 1.140(b)(2) & (6) on the grounds that Plaintiff has failed to state a cause of action and to

establish this Court's jurisdiction. As set forth more fully in the accompanying memorandum of

law, both Florida and federal law dictate that the instant matter be dismissed.

The Complaint states fraud claims against several parties, but it nowhere alleges any facts to explain why the TCFSC is named among them. With respect to the other defendants, Plaintiff alleges that they executed a Ponzi scheme—tricking the plaintiff, and others, out of his money with an elaborate currency trading fraud. The TCFSC is mentioned just twice in the substance of the complaint. In neither instance does Plaintiff allege any action by the TCFSC that has anything to do with the alleged Ponzi scheme or Plaintiff's injuries.

Under Florida law, Plaintiff cannot state a claim against Defendant TCFSC with such barren allegations. The Florida Rules of Civil Procedure require Plaintiff to both plead the ultimate facts upon which his causes of action are based and plead some basis for personal and subject matter jurisdiction over each Defendant. Here, Plaintiff has pled no facts to support a claim against the TCFSC, much less the particularized facts required, as a matter of law, to support Plaintiff's fraud allegations. Even if Plaintiff did plead some facts to support his claims, however, the applicable law does not provide a private right of action to enforce at least four of Plaintiff's purported causes of action.

Furthermore, this Court lacks jurisdiction over Defendant TCFSC and the claims asserted against it. The Securities Exchange Act of 1934 gives federal courts exclusive jurisdiction over claims brought under the Act and, according to Florida courts, other claims which are predicated on a violation of the Act. Here, Plaintiff asserts a fraud claim under the 1934 Act and four other inseparable fraud claims. Additionally, Plaintiff has not alleged any factual basis for this Court's exercise of jurisdiction over Defendant TCFSC, a regulatory agency of a foreign government.

As explained further in the accompanying memorandum of law, the Complaint should be dismissed with prejudice in its entirety with respect to the TCFSC.

CASE NO. 09-057623 (08)

Respectfully submitted,

Joseph B. Tompkins, Jr.
*Pro Hac Vice Pending*
Guy S. Neal
*Pro Hac Vice Pending*
      SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

and     RICHMAN GREER, P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant*

By: _____
Alan G. Greer
Florida Bar No.: 0123294
Melissa Fernandez-Stiers
Florida Bar No.: 665851

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was served via U.S. mail and facsimile on this ___9th___ day of February 2010 upon David P. Rowe, Esq., Law Offices of David P. Rowe, 110 E. Broward Blvd., Suite 1700, Fort Lauderdale, FL 33301.

By: _____
Alan G. Greer
Melissa Fernandez-Stiers



**IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.**

**CIVIL DIVISION**

**CASE NO: 09057623** ⟨08⟩

**DON DOWE**

    *Plaintiff,*

**vs.**

**USIMO,
WACHOVIA BANK,
JOSPEH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida Resident
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Foreign Resident
OVERSEES LOCKET INTERNATIONAL CORPORATION,
A Foreign Corporation
MARKET TRADERS INSTITUTE INC.,
A Foreign Corporation
I-TRADE FX, LLC
HALLMARK BANL AND TRUST LTD.,
A Foreign Corporation
MASTERCARD WORLDWIDE, a New York Corporation
COOL CARD, A Jamaican Corporation
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands Bank**

    *Defendants*

    /

**NOTICE OF FILING**

Comes now the Plaintiff Don Dowe, and files this summons on

USIMO, the return of summons being sealed and stamped by Andre' Earle,

Notary Public Commission for life.

Respectfully Submitted,

David P. Rowe
Florida Bar No.: 373575
Law Offices of David P. Rowe
110 E. Broward Blvd.
Suite 1700
Fort Lauderdale, Fl.
(305) 731-0019

SERVED

Y.S

**IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.**

**CIVIL DIVISION**

**CASE NO.**     0 9 0 5 7 6 2 3

DON. DOWE

    Plaintiff,

**vs**

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ,  a Florida Resident,
ISAAC MARTINEZ, a Florida Resident,
DAVID SMITH, a Foreign Resident,
OVERSEES LOCKET INTERNATIONAL CORPORATION,
A Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
A Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
A Foreign Corporation,
MASTERCARD WORLDWIDE, a New York Corporation,
COOL CARD, A Jamaican Corporation,
TURKS & CAICOS ISALNDS FSC
BUTTERFIELD BANK, A Cayman Islands Bank

    **Defendants**

*[handwritten annotations: 08 — Delivered by E. Ken. Sutherland J.W 06·01·10 as agent of the court 4·27pm To USIMO c/o Joseph Issa. ...VS Sutherland ... Witness to the signature of V. Sutherland ... 15/1/10]*

---

**SUMMONS:  CORPORATE SERVICE ON AN INDIVIDUAL**



ANDRE A. K. EARLE
NOTARY PUBLIC
COMMISSIONED FOR LIFE

## THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:-

<u>USIMO c/o</u>  Joseph Issa, Rockfort, Kingston, Jamaica.

Each defendant is requires to serve written defenses to the complaint on Plaintiff's Attorney: **DAVID P. ROWE,** whose address is **110 EAST BROWARD BOULEVARD, SUITE 1700, FORT LAUDERDALE , FLORIDA, 33301:** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

(SEAL) **HOWARD C. FORMAN**

### CLERK OF THE COURTS



BY:

OCT 2 2 2009

DATE:

# AMERICANS WITH DISABILITIES ACT OF 1990

In accordance with the Americans with disabilities Act of 1990, persons needing a special

accommodation to participate in this proceeding should contact the court ADA

coordinator/Ellis D. Pettigrew,  no later than 7 days prior to the proceedings at

**(954) 831-6364**

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623

DON DOWE,
a Florida resident

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED,
JARED MARTINEZ, a Florida resident,
ISAAC MARTINEZ, a Florida resident,
DAVID SMITH, a foreign resident,
OVERSEAS LOCKET INTERNATIONAL CORPORATION,
a foreign corporation,
MARKET TRADERS INSTITUTE INC., a Florida corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD., a foreign corporation,
MASTERCARD WORLDWIDE, a New York corporation,
COOL CARD, a Jamaican Corporation,
TURKS AND CAICOS ISLANDS FSC,
BUTTERFIELD BANK, a Cayman Islands Bank,

     Defendants.

_____/

## ORDER

     THIS CAUSE came before the Court on the Verified Motion of Joseph B. Tompkins, Jr.

for Admission to Appear Pro Hac Vice on behalf of Defendant Turks and Caicos Islands FSC in

the above styled cause. The Court having considered the motion and the consent of local counsel

for Defendant Turks and Caicos Islands FSC, rules as follows:

     The Verified Motion of Joseph B. Tompkins, Jr. for Admission to Appear Pro Hac Vice on

CASE NO. 09-057623

behalf of Defendant Turks and Caicos Islands FSC is hereby GRANTED.

    DONE AND ORDERED in Chambers at Miami, Florida, Miami-Dade County, this

\_\_\_\_\_ day of February 2010.

_____
CIRCUIT COURT JUDGE

Copies furnished to all counsel of record



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623-CA 08

DONE DOWE,

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a Florida Resident,
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Florida Resident
OVERSEES LOCKET INTERNATIONAL
CORPORATION, a Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
a Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation,
MASTERCARD WORLDWIDE, a New
York Corporation,
COOL CARD, a Jamaica Corporation,
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands
Bank

     Defendants.

_____/

CIRCUIT CIVIL-4
2010 JAN 25  AM 7: 32
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA

## NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that the undersigned has been retained as counsel of record

and will appear on behalf of the Defendant, Joseph Issa, in the above styled cause.  Please direct

copies of all pleadings, papers and/or inquiries to the undersigned.

SQUIRE, SANDERS & DEMPSEY L.L.P.

Dated: January 21, 2010

Respectfully submitted,

SQUIRE, SANDERS & DEMPLSEY L.L.P.
200 South Biscayne Boulevard Suite 4100
Miami, FL 33131-2398
Telephone:    +1.305.577.7000
Facsimile:    +1.305.577.7001
E-mail:rvaughan@ssd.com

By:_____
      Robert C.L. Vaughan
      Florida Bar No. 0130095


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail

this 21st day of January, 2010, to:

David P. Rowe, Esq.
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

_____
Robert C.L. Vaughan

MIAMI/4250221.1



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623-CA 08

DONE DOWE,

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a Florida Resident,
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Florida Resident
OVERSEES LOCKET INTERNATIONAL
CORPORATION, a Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
a Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation,
MASTERCARD WORLDWIDE, a New
York Corporation,
COOL CARD, a Jamaica Corporation,
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands
Bank

     Defendants.

_____/

CIRCUIT CIVIL - 4
2010 JAN 25  AM 7:33
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA

## NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that the undersigned has been retained as counsel of record

and will appear on behalf of the Defendant, Usimo International Corp., in the above styled cause.

Please direct copies of all pleadings, papers and/or inquiries to the undersigned.

SQUIRE, SANDERS & DEMPSEY L.L.P.

Dated: January 21, 2010

Respectfully submitted,

SQUIRE, SANDERS & DEMPLSEY L.L.P.
200 South Biscayne Boulevard Suite 4100
Miami, FL 33131-2398
Telephone:     +1.305.577.7000
Facsimile:     +1.305.577.7001
E-mail:rvaughan@ssd.com

By: _____
      Robert C.L. Vaughan
      Florida Bar No. 0130095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail

this 21st day of January, 2010, to:

David P. Rowe, Esq.
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

_____
      Robert C.L. Vaughan

MIAMI/4250218.1

2

SQUIRE, SANDERS & DEMPSEY L.L.P.



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623-CA 08

DONE DOWE,

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a Florida Resident,
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Florida Resident
OVERSEES LOCKET INTERNATIONAL
CORPORATION, a Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
a Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation,
MASTERCARD WORLDWIDE, a New
York Corporation,
COOL CARD, a Jamaica Corporation,
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands
Bank

     Defendants.

_____/

## NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that the undersigned has been retained as counsel of record

and will appear on behalf of the Defendant, Cool Card, in the above styled cause.  Please direct

copies of all pleadings, papers and/or inquiries to the undersigned.

SQUIRE, SANDERS & DEMPSEY L.L.P.

Dated: January 21, 2010

Respectfully submitted,

SQUIRE, SANDERS & DEMPLSEY L.L.P.
200 South Biscayne Boulevard Suite 4100
Miami, FL 33131-2398
Telephone:    +1.305.577.7000
Facsimile:     +1.305.577.7001
E-mail:rvaughan@ssd.com

By:_____
    Robert C.L. Vaughan
    Florida Bar No. 0130095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail

this 21st day of January, 2010, to:

David P. Rowe, Esq.
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

Robert C.L. Vaughan

MIAMI/4250220.1

2



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 09-057623-CA 08

DONE DOWE,

     Plaintiff,

vs.

USIMO,
WACHOVIA BANK,
JOSEPH ISSA,
MZ HOLDINGS LIMITED
JARED MARTINEZ, a Florida Resident,
ISAAC MARTINEZ, a Florida Resident
DAVID SMITH, a Florida Resident
OVERSEES LOCKET INTERNATIONAL
CORPORATION, a Foreign Corporation,
MARKET TRADERS INSTITUTE INC.,
a Foreign Corporation,
I-TRADE FX, LLC,
HALLMARK BANK AND TRUST LTD.,
a Foreign Corporation,
MASTERCARD WORLDWIDE, a New
York Corporation,
COOL CARD, a Jamaica Corporation,
TURKS & CAICOS ISLANDS FSC
BUTTERFIELD BANK, a Cayman Islands
Bank

     Defendants.

_____/

CIRCUIT CIVIL-4

2010 JAN 25  AM 7:32

FILED FOR RECORDING
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA

## NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that the undersigned has been retained as counsel of record

and will appear on behalf of the Defendant, MZ Holdings Limited, in the above styled cause.

Please direct copies of all pleadings, papers and/or inquiries to the undersigned.

SQUIRE, SANDERS & DEMPSEY L.L.P.

Dated: January 21, 2010

Respectfully submitted,

SQUIRE, SANDERS & DEMPLSEY L.L.P.
200 South Biscayne Boulevard Suite 4100
Miami, FL 33131-2398
Telephone:   +1.305.577.7000
Facsimile:   +1.305.577.7001
E-mail:rvaughan@ssd.com

By:_____
     Robert C.L. Vaughan
     Florida Bar No. 0130095


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail

this 21st day of January, 2010, to:

David P. Rowe, Esq.
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

_____
Robert C.L. Vaughan

MIAMI/4250211.1

2
SQUIRE, SANDERS & DEMPSEY L.L.P.